**Milton LOZANO d/b/a Lozano's Bail Bonds, Appellant,**

v.

**STATE of Texas, Appellee.**

Nos. 11–96–00357–CV, 11–96–00358–CV.

Court of Appeals of Texas, Eastland.

Aug. 26, 1998.

George Gilkerson, Lubbock, for appellant.

Dana Cooley, Dist. Atty., Snyder, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

Milton Lozano d/b/a Lozano's Bail Bonds [1] appeals from judgments in which the trial court forfeited two bail bonds. We reverse and remand.[2]

Appellant first alleges that there is a fatal variance in the bonds, the citations, the judgments nisi, and the final judgments. He next alleges that the trial court erred in entering judgment against "Milton Lozano" as surety because the name "Milton Lozano" did not appear in the bonds, citations, or the judgments nisi. Joe Flores, Jr. was charged with two acts of forgery by passing, and his bond was set at $3,000 in each case. Flores' name and signature appear on the bonds as princi-

1. This designation is taken from the appeal bonds filed in these appeals.

2. Appellant's attorney has filed a suggestion of death wherein he advises this court that appel-

lant is now deceased. However, we are required to proceed with the disposition of this appeal. TEX.R.APP.P. 7.

pal. Each of the bonds is a printed form with blanks which are to be completed as required. Each bond contains blanks for the name and signature of the surety on the bond. On the signature portion of one of the bonds, the handwritten name "Lozanos" is followed by an address and is signed by "agent Kimberly Villarreal." On the other bond, the handwritten name "Lozano's Surety" is followed by an address and is signed by "agent Kimberly Villarreal." When the criminal cases were originally called for trial on April 18, 1996, Flores did not appear; and the trial court entered a judgment nisi in each case.[3] In each judgment nisi, "Lozano's Bail Bonds" was named as surety. In each case, citation was issued and delivered to "Lozano's Bail Bonds." An answer was filed individually in each case by "Milton Lozano." Each answer contained only a general denial. Flores did not appear at the hearing upon the judgments nisi. Lozano appeared pro se. Following the hearing, the trial court entered judgments against "Milton Lozano, d/b/a Lozano's Bail Bonds," in the amount of $1,500 in each case.[4] The trial court did not enter judgments against Flores but, rather, entered an order of severance "so as to allow this Judgment to become final as to the Defendant, Milton Lozano, d/b/a/ Lozano's Bail Bonds."

Appellant's first two points of error are overruled. He did not complain in the trial court, and any error is waived. *See* TEX.R.APP.P. 33.1; *Mackintosh v. State*, 845 S.W.2d 361 (Tex.App.—Houston [1st Dist.] 1992, no writ)(decided under former TEX.R.APP.P. 52). Moreover, Lozano generally answered the citation and appeared and participated in the hearing. It is obvious from the record of the hearing that no such complaint was intended. In his last statement to the trial court, Lozano told the trial judge: "Yes, Your Honor, I have a recommendation. I feel that since papers were served and everything, I feel that it's proper and I recommend court costs, Your Honor."

In his third point, appellant asserts that the trial court erred in rendering final judgments of forfeiture against only the surety and not against the principal.

TEX. CODE CRIM. PRO. ANN. art. 22.14 (Vernon 1989) provides:

> When, upon a trial of the issues presented, no sufficient cause is shown for the failure of the principal to appear, the judgment shall be made *final against him* and his sureties, if any, for the amount in which they are respectively bound; and the same shall be collected by execution as in civil actions. Separate executions shall issue against each party for the amount adjudged against him. The costs shall be equally divided between the sureties, if there be more than one. (Emphasis added)

We note the sometimes subtle distinction made in bond forfeiture cases between finality of judgment for appellate jurisdictional purposes and entry of final judgment under Article 22.14.

Generally, absent a specific statute, appellate courts only have jurisdiction over final judgments. *See Cherokee Water Company v. Ross*, 698 S.W.2d 363 (Tex.1985). The judgments in the cases now before this court are final against the surety because the trial court severed Flores, the principal, out of the cases. This court has jurisdiction to hear and determine these appeals. That is not tantamount, however, to holding that a trial court can enter a final judgment against a bail bond surety under Chapter 22 of the Texas Code of Criminal Procedure and not, at the same time, enter a final judgment against the principal. That question is quite different from a jurisdictional one. Had the trial court neither severed nor dismissed Flores, we would not have jurisdiction and these appeals would be dismissed. However, that lack of jurisdiction would not be mandated by Article 22.14. Article 22.14 does not deal with jurisdiction. Article 22.14 does mandate that final judgments be entered against the principal and the sureties. While an order of severance finalized the judgments in these appeals for jurisdictional purposes, no final judgment was entered against

---

**3.** We note that Flores did appear and enter guilty pleas in each case on May 9, 1996.

**4.** The trial court ordered a remittitur of $1,500 in each case.

Flores in accordance with Article 22.14, unless the severance constitutes a final judgment against the principal. A final judgment was taken against the surety and satisfied the requirements of Article 22.14 that the judgment be made final against the sureties. Additionally, the severance resulted in a final, appealable judgment for jurisdictional purposes between the surety and the State. However, no final judgment has been taken against the principal to satisfy Article 22.14. Moreover, the order of severance does not dispose of or dismiss the case against the principal.

In *Joe's Bonding Company v. State*, 481 S.W.2d 145 (Tex.Cr.App.1972), the trial court had entered a final judgment against some of the sureties on a bail bond but mentioned neither the principal nor another surety. In an opinion reversing and remanding to the trial court, Presiding Judge Onion quoted[5] with approval from 8 TEX.JUR.2d Bail and Recognizance § 87:

> A final judgment must be rendered as to the sureties and the principal. The whole matter in controversy must be finally disposed of as to all parties.

Judge Onion refers to *Pennebaker v. State*, 117 Tex.Crim. 16, 36 S.W.2d 156 (Tex.Cr. App.1931), a Commission of Appeals' decision approved by the Court of Criminal Appeals, wherein Judge Christian wrote:

> The record discloses that judgment nisi was rendered against Grace Roberts, principal, and T.S. Pennebaker and R.R. Roberts, sureties. Upon final hearing, judgment was rendered against the sureties. No disposition of the case was made as to Grace Roberts, the principal, and the judgment was not made final as to said principal. *Hence this court is without jurisdiction.* (Emphasis added)

It is instructive to note that in *Pennebaker* the court dismissed the cause based on jurisdictional considerations and that in *Joe's Bonding* the cause was reversed and remanded based on Article 22.14 considerations, an action which would not have been taken had the court not had jurisdiction.

5. TEX.JUR.2d has now been replaced by TEX. JUR.3d.

The cases to which we have been cited are distinguishable from the instant ones. Those cases involve situations in which various parties either are not mentioned in the judgment or have been dismissed or nonsuited and a judgment taken against the remaining parties. Clearly, not only would an appellate court lack jurisdiction in the former cases, but there would also be a failure to comply with Article 22.14. *See Smith v. State*, 485 S.W.2d 787 (Tex.Cr.App.1972); *Joe's Bonding Company v. State, supra*; *Murray v. State*, 832 S.W.2d 444 (Tex.App.—Beaumont 1992, no writ). In the latter-type cases, the order of dismissal results in a final judgment which is not only appealable for jurisdictional purposes but which also satisfies the requirements of Article 22.14. *See Gay v. State*, 20 Tex. 504, 508 (1857), cited in *Rosas v. State*, 958 S.W.2d 852 (Tex.App.—Amarillo 1997, no writ).

Because the judgments nisi have not been made final against the principal by the entry of an order of dismissal or other final judgment, we reverse the judgment of the district court and remand the cause.