RAY INSURANCE AGENCY a/k/a Azteca Insurance and/or Alamo Insurance, State and County Mutual Fire Insurance Company, and Harbor Insurance Managers, Petitioner,

v.

Lois JONES, Respondent.

No. 02–0009.

Supreme Court of Texas.

Dec. 12, 2002.

Thomas K. Kruppstadt, Gauntt & Kruppstadt, LLP, The Woodlands, Kenneth J. Lambert, Craig L. Reese, Lance Eric Caughfield, Fletcher & Springer, Thomas W. Fee, Fee Smith Sharp & Vitullo, Dallas, for petitioner.

Boris A. Hidalgo, Robert Lee Galloway, Christopher Paul Nease, James Lapeze, Richard W. Bass, L. Kirstine Rogers, Thompson Knight Brown Parker & Leahy, LLP, for respondent.

PER CURIAM.

Petitioner Ray Insurance Agency appeals the reversal of a summary judgment granted in its favor against respondent, Lois Jones, who alleged various causes of action based upon the cancellation of her automobile insurance policy. Texas Insurance Code article 21.49–2B, Section 4, governs cancellation of personal automobile insurance policies. TEX. INS.CODE art. 21.49–2B, § 4. Subsection (i) provides, in pertinent part, that "[a]n insurer may cancel a personal automobile insurance policy if it has been in effect less than 60 days."

*Id.* In construing this provision, the court of appeals stated that "Subsection (i) does not allow an insurer to cancel for any reason other than listed in the other subsections of § 4, and by implication would prohibit cancellation after sixty days." 59 S.W.3d 739, 747. We disapprove the court of appeals' statement interpreting the statute.

Jones also claimed that Ray Insurance was estopped from asserting that it had canceled Jones's policy because it later accepted premiums from Jones. Ray Insurance responded that Jones had waived this claim by failing to plead or present evidence of estoppel in the trial court. The court of appeals rejected Ray Insurance's waiver argument for a number of reasons, then added: "In any event, pursuant to Rule 2 of the Texas Rules of Appellate Procedure, we suspend the operation of Rule 94 of the Texas Rules of Civil Procedure to uphold appellant's estoppel claim as we do not believe appellees were surprised by such claim and will not be unfairly prejudiced thereby." *Id.* at 752. We disapprove any suggestion that Rule 2 of the Texas Rules of Appellate Procedure allows the courts of appeals to suspend rules governing pleading practice before the trial courts.

Because the court of appeals correctly held that fact issues preclude summary judgment against Jones, we deny the petition for review.

Justice SMITH did not participate in the decision.