Guy **WILLIAMS, d/b/a Freedom Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–02–598–CV.

Court of Appeals of Texas, Corpus Christi—Edinburg.

Aug. 19, 2003.

Guy Williams, Corpus Christi, pro se.

Jacqueline A. Del Llano–Chapa, James W. Buche, Assistant County Attorneys, Milan G. Marinkovich, Nueces County Attorney's Office, Laura Garza Jimenez, County Attorney, Rene C. Flores, Chief of Litigation, Nueces County Courthouse, Corpus Christi, for the State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant, Guy Williams, d/b/a Freedom Bail Bonds ("Williams"), the surety on an appearance bond executed by Marcos Gabriel Duran as principal, challenges the trial court's summary judgment in favor of the State of Texas, appellee, in a bond forfeiture proceeding. In three issues, Williams asserts: (1) the State did not provide summary-judgment evidence of

the performance bond; (2) the State did not respond or file controverting affidavits to Williams's sworn motion for new trial; and (3) the trial court erred in signing a final judgment that did not dispose of all parties, arguing that Duran is a necessary party but was never served. We reverse and remand.

## I. RELEVANT FACTS

The State filed a judgment nisi [1] asserting that Duran failed to appear for a compliance hearing in his misdemeanor criminal case.[2] The judgment nisi alleged that the appearance bond was on file in the official court file of Duran's criminal case. The judgment nisi recited that: (1) Duran as principal and Williams as surety entered into an appearance bond payable to the State in the sum of $500.00 plus all fees and expenses; (2) the bail bond was conditioned that Duran personally appear in the trial court until discharged by due course of law and answer for the misdemeanor offense of driving while his license was suspended; and (3) Duran had failed to appear for a compliance hearing ordered by the trial court. After additional recitations requiring notice of the judgment nisi and service of citation on both Duran and Williams "in the form provided for citations in civil cases," the judgment nisi ordered notice "to the surety that the bond has been forfeited and require[d] him to appear and show cause why the judgment of forfeiture should not be made final." The order added, "It is further ordered that this judgment will be made final unless good cause is shown why the defendant did not appear."

---

**1.** The literal meaning of "judgment nisi" is "judgment unless." *Reyes v. State*, 31 S.W.3d 343, 344 n. 1 (Tex.App.-Corpus Christi 2000, no pet.).

**2.** The underlying criminal case is cause number 2000–9032–3, styled *"State of Texas v. Marcos Gabriel Duran."* We do not resolve, by our recitation of the facts as they appear in the appellate record of this case, any factual disputes that may exist.

Williams filed a sworn denial that included the affirmative defense that the "Defendant–Principal is a necessary party to this lawsuit but has not been served with citation." Duran did not answer or otherwise appear.

The State filed a traditional motion for summary judgment on the bond forfeiture. It attached certified copies of the appearance bond and the judgment nisi. In the motion, the State alleged that "[p]roper notice was given to the Defendant–Principal in accordance with the Code of Criminal Procedure but Marcus [sic] Duran, has failed to answer or appear." The motion for summary judgment was not sworn and did not attach any evidence with regard to service on Duran or his failure to answer the judgment nisi. Williams filed a response to the motion for summary judgment, asserting, among other issues, that the State had not shown that Duran, who as principal on the appearance bond was a necessary party to the suit, had been served with citation. Both parties filed written objections to the other's summary-judgment evidence. No written order on either side's objections appears in the record.

In its "Summary Judgment for Plaintiff," the trial court found that: (1) the appearance bond was a valid and binding undertaking; (2) the requirements of article 22.02 of the code of criminal procedure "have been substantially complied with"; and (3) the principal "failed to appear." *See* Tex.Code Crim. Proc. Ann. art. 22.02 (Vernon 1989) (providing for bond forfeiture proceedings). The summary judgment concluded that the State was entitled to judgment on the bond forfeiture and

ordered recovery against Duran as principal and Williams as surety, jointly and severally, in the amount of $500.00 plus $325.00 costs of court. *See* Tex.Code Crim. Proc. Ann. art. 22.14 (Vernon 1989) (requiring inclusion of both surety and principal in final judgment on bond forfeiture).

Williams filed written objections to the summary judgment, renewing his complaint that Duran, who as principal was a necessary party to any judgment against Williams as surety, was not served as required by law. Because the State was not entitled to judgment against Duran, Williams argued, it was not entitled to judgment against him as Duran's surety. Williams also claimed that since there was no evidence Duran was properly before the trial court, the summary judgment was not a final judgment. We first address Williams's finality argument.

## II. JURISDICTION

■ Our initial inquiry is always whether we have jurisdiction over an appeal.[3] *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993); *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.). Jurisdiction of a court is never presumed. *Garcia*, 101 S.W.3d at 783. Our jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.,* Tex. Const. art. V, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001);

---

**3.** Except as otherwise provided in chapter 22 of the code of criminal procedure, bond forfeiture proceedings are governed by the same rules as other civil suits. Tex.Code Crim. Proc. Ann. art. 22.10 (Vernon Supp.2003); *Alvarez*

*v. State,* 861 S.W.2d 878, 881 (Tex.Crim.App. 1992) (per curiam) (op. on partial reh'g); *Williams v. State,* 82 S.W.3d 788, 791 (Tex. App.-Corpus Christi 2002, no pet.).

*Garcia,* 101 S.W.3d at 784. Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. *Steeple Oil & Gas Corp. v. Amend,* 394 S.W.2d 789, 790 (Tex.1965) (per curiam); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2003). If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. *Garcia,* 101 S.W.3d at 784.

### A. The Finality Rule

■ A judgment is not final unless it disposes of all pending parties and claims in the record. *Guajardo v. Conwell,* 46 S.W.3d 862, 863–64 (Tex.2001) (per curiam); *Garcia,* 101 S.W.3d at 784. Notwithstanding the straightforward formulation of this rule, Texas appellate courts have struggled in determining the finality of judgments. *See, e.g., Lehmann,* 39 S.W.3d at 195–203 (surveying Texas cases on the subject dating from 1849 through the twentieth century). In *Lehmann,* the supreme court addressed this problem by forging a dynamic rule of inquiry that looks at both the language of the court's decree and the record of the case in determining whether a judgment is final. *See id.* at 195, 205–06. Specifically, the court held that "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Id.* at 205. Further, the supreme court also stated in *Lehmann* that "[b]ecause the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id.* at 195. We conclude that *Lehmann* requires that we first look to the language of a summary-judgment order to determine its finality. *Id.* at 205. If the language of the order "clearly and unequivocally" indi-

cates finality on its face, it is final and appealable. *Id.*

■ If the order does not "clearly and unequivocally" indicate finality on its face, we then determine if the order actually disposes of every pending claim and party. *Id.* In determining if the order disposes of every pending claim and party, we look to the record and examine the pleadings of the parties and the summary-judgment proceedings to determine the claims and parties involved in the suit as well as the claims and parties raised by summary-judgment motion. *Id.* at 205–06. If every pending claim and party has been disposed of by the time the trial court signs an order, despite the fact that it does not "clearly and unequivocally" indicate finality on its face, it is final and appealable. *Id.* at 204. On the other hand, if the order does not dispose of every pending claim and party but is "clearly and unequivocally" final on its face, it "is not interlocutory merely because the record does not afford a legal basis for the adjudication." *Id.* at 206. "In those circumstances, the order must be appealed and reversed." *Id.* Similarly, "[g]ranting more relief than the movant is entitled to makes the order reversible, but not interlocutory." *Id.* at 204. If, however, the order is not "clearly and unequivocally" final on its face and "the record reveals the existence of claims or parties not mentioned in the order, the order is not final." *Id.* at 206. "The record may help illumine whether an order is made final by its own language, so that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise." *Id.*

## B. Finality Analysis

█ In *Lehmann*, the supreme court stated that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206. Williams correctly argues that the summary judgment contains no such indication of the trial court's intent. We find that the summary judgment does not "clearly and unequivocally" indicate on its face that it is final. *See id.* at 205. Therefore, we turn to the record to determine if every claim and party pending at the time the trial court granted summary judgment for the State was addressed in the summary judgment. *See id.*

The judgment nisi and Williams's answer show that the only pending claim was the State's judgment nisi for the bond forfeiture. The only parties were the State, Williams, and Duran. The State's summary-judgment motion asserted its entitlement to judgment for the bond forfeiture. The summary judgment recites:

> It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff, THE STATE OF TEXAS, do have and recover of and against the Defendants, **MARCOS GABRIEL DURAN**, principal, and **Guy Williams dba Freedom Bail Bonds** as Surety, jointly and severally....

(Emphasis in original.) Therefore, we find that the record does not reveal any claims or parties not addressed by the summary judgment. Accordingly, we hold that the summary judgment is final and appealable. *See Lehmann*, 39 S.W.3d at 204.

We note, however, that a final judgment of bond forfeiture must be rendered against both the principal and the surety. TEX.CODE CRIM. PROC. ANN. art. 22.14 (Vernon 1989). The record does not reflect that Duran answered the judgment nisi or otherwise appeared in the bond forfeiture action. Nor, as discussed in more detail below, does the State enjoy the benefits of any evidentiary presumption that it provided notice of the judgment nisi to Duran. Nonetheless, the summary judgment "is not interlocutory merely because the record does not afford a legal basis for the adjudication" with regard to Duran. *See Lehmann*, 39 S.W.3d at 206; *see also Lozano v. State*, 978 S.W.2d 645, 647–48 (Tex. App.-Eastland 1998, no pet.) (noting "sometimes subtle distinction made in bond forfeiture cases between finality of judgment for appellate jurisdictional purposes and entry of final judgment under article 22.14"). In the words of the supreme court, granting more relief than the State was entitled to means the summary judgment "is final—erroneous, but final." *See id.* at 200.

## III. SUMMARY JUDGMENT

### A. The Standard of Review

The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a jury trial. *Alaniz v. Hoyt*, 105 S.W.3d 330, 344 (Tex.App.-Corpus Christi 2003, no pet.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n. 5 (Tex.1979) and *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972)). On appeal, the standard of review for the grant of a motion for summary judgment is determined by whether the motion was brought on traditional or no-evidence grounds. TEX.R. CIV. P. 166a(i), (c); *Hoyt*, 105 S.W.3d at 344. In a traditional summary-judgment proceeding in a bond forfeiture action, the State, as movant, bears the burden of showing both no genuine issue of material fact and entitlement to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Fisher v. State*, 832

S.W.2d 641, 643 (Tex.App.-Corpus Christi 1992, writ ref'd).

## B. The Statutory–Judgment Nisi Notice Requirements

In a bond forfeiture proceeding, notice to the principal of the judgment nisi is mandated by statute if the principal furnished an address on the bond. TEX.CODE CRIM. PROC. ANN. art. 22.05 (Vernon 1989). The notice must be mailed to the principal's address as shown on the bond. *Id.* A rebuttable presumption attaches that the mailing mandated by article 22.05 occurred. *Escobar v. State,* 587 S.W.2d 714, 717 (Tex.Crim.App. [Panel Op.] 1979). Consistent with the statutory requirement, the judgment nisi here ordered that "notice to the Defendant as principal, be deposited in the United States Mail directed to the said Defendant at the address shown on the bond." *See* TEX.CODE CRIM. PROC. ANN. art. 22.05 (Vernon 1989).

## C. Summary Judgment Burden Analysis

▇▇▇ The State does not dispute that it was required to provide notice to Duran at the address shown on the appearance bond. Rather, the State asserted in its motion for summary judgment that it had provided the required notice. On appeal, the State argues that Williams offered no proof to rebut the presumption that it mailed notice to Duran.

Williams incorporated his verified answer into his response to the State's motion for summary judgment. In the answer, Williams verified "to the best of his information and belief" that "the Defen-

dant–Principal is a necessary party to this lawsuit but has not been served with citation," among other assertions. The State objected to the verified answer as summary-judgment evidence, among other grounds, on the basis of Williams's lack of personal knowledge of the factual statements in the answer. It pointed to Williams's verification as being based on "information and belief," not personal knowledge. However, the State did not pursue its objection.

▇▇▇ A trial court does not implicitly sustain, by granting the motion, a summary-judgment movant's objections where there is no ruling or order. *Jones v. Ray Ins. Agency,* 59 S.W.3d 739, 752 (Tex.App.-Corpus Christi 2001), pet. denied, 92 S.W.3d 530 (Tex.2002). For there to be an implicit ruling on a party's objection to summary-judgment evidence, some indication must appear in the record or in the summary judgment itself, other than the mere granting of the summary judgment, that the trial court ruled on the objection. *Id.* at 753; *see* TEX.R.APP. P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on objection for complaint to be preserved for review); *see also Columbia Rio Grande Regional Hosp. v. Stover,* 17 S.W.3d 387, 395 (Tex.App.-Corpus Christi 2000, no pet.). The State bore the burden of obtaining a ruling on its objection. *See Ray Ins. Agency,* 59 S.W.3d at 753. The State did not do so. Nor is there any indication in the record or in the summary judgment itself that the trial court sustained the State's objection to the personal-knowledge basis of Williams's verification. *See id.*[4]

4. We note that there has been some conflict among the courts of appeals as to the nature of the defect in a summary-judgment affidavit that does not demonstrate it was based on personal knowledge. *Compare Rizkallah v. Conner,* 952 S.W.2d 580, 585 (Tex.App.-Hous-

ton [1st Dist.] 1997, no pet.) (citing *Grand Prairie Indep. Sch. Dist. v. Vaughan,* 792 S.W.2d 944, 945 (Tex.1990) (per curiam)) *with City of Wilmer v. Laidlaw Waste Sys., Inc.,* 890 S.W.2d 459, 467 (Tex.App.-Dallas), aff'd, 904 S.W.2d 656 (Tex.1995). This Court

Similarly, the State also objected that Williams could not transform his answer into summary-judgment evidence by incorporating it into his summary-judgment response. Again, the State did not obtain a ruling on its objection. Nor is there any indication in the record or in the summary judgment itself that the trial court sustained the State's objection to incorporation of Williams's verified answer into his summary-judgment response. *See id.*

In the absence of a ruling or written order on the State's objections or any other indication in the record or in the summary judgment itself that the trial court implicitly or explicitly sustained the State's objections, we find that Williams's verified answer as incorporated into his summary-judgment response is in evidence as part of the summary-judgment record.[5] *See In re Estate of Schiwetz,* 102 S.W.3d 355, 361 (Tex.App.-Corpus Christi 2003, no pet. h.); *see also Hoyt,* 105 S.W.3d at 337 n. 2 (citing *Utils. Pipeline Co. v. Am. Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex.App.-Dallas 1988, no writ)). It follows, therefore, in the absence of a ruling or written order or other indication that the trial court implicitly or explicitly sustained the State's objections to Williams's summary-judgment evidence, that Williams raised a fact issue about whether the State mailed notice of the judgment nisi to Duran. If true,

Williams's summary-judgment evidence rebuts the presumption of mailing. *See Escobar,* 587 S.W.2d at 716.

Conversely, the unsworn allegation in the State's motion that it had provided the required notice to Duran is not evidence. *See Seven Seas Fish Mkt., Inc. v. Koch Gathering Sys., Inc.,* 36 S.W.3d 683, 688 (Tex.App.-Corpus Christi 2001, pet. denied). Even if the State's unsworn assertion that it had provided notice to Duran was proper summary-judgment evidence, the allegation only serves to controvert Williams's summary-judgment evidence that the State did not serve Duran. On this record, we hold that an issue of material fact exists as to the State's compliance with article 22.05 in mailing notice to Duran. *See* Tex.Code Crim. Proc. Ann. art. 22.14 (Vernon 1989); *see also Fisher,* 832 S.W.2d at 643. Accordingly, we hold that the State did not meet its burden of showing no genuine issue of material fact and entitlement to judgment against Duran as a matter of law. *See Fisher,* 832 S.W.2d at 643.

Further, as noted above, a final judgment on a bond forfeiture must include both the surety and the principal. Tex. Code Crim. Proc. Ann. art. 22.14 (Vernon 1989); *Lozano,* 978 S.W.2d at 647–48 (cit-

---

considers lack of personal knowledge a defect of form. *Bauer v. Jasso,* 946 S.W.2d 552, 556–57 (Tex.App.-Corpus Christi 1997, no pet.). We held in *Bauer* that *Vaughan* controls, and a defect as to personal knowledge must be objected to and ruled on to avoid waiver of the complaint. *Id.; see* Tex.R. Civ. P. 166a(f) ("defects in form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal to amend.").

**5.** Even if the State had preserved its objection, we note that verified pleadings, depositions, affidavits, and other materials, in certain circumstances, may raise a fact issue

when incorporated by reference into an unsworn motion for summary judgment. *See Stephens v. Nat'l Mortgage Corp. of Am.,* 735 S.W.2d 474, 475 (Tex.1987). The single fact asserted by Williams (that Duran had not been served) is readily controvertible by proof that the State had mailed notice of the judgment nisi to Duran at the address shown on the bond. *See* Tex.R. Civ. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.").

ing *Joe's Bonding Co. v. State*, 481 S.W.2d 145, 146 (Tex.Crim.App.1972)); *see also* Tex.R. Civ. P. 31 (providing that judgment cannot be entered against surety unless principal has been properly served or judgment has been rendered against principal). Since the State is not entitled to summary judgment against Duran, it also is not entitled to summary judgment against Williams. *See* Tex.Code Crim. Proc. Ann. art. 22.14 (Vernon 1989); *Lozano*, 978 S.W.2d at 647–48. We hold that the trial court erred in granting summary judgment to the State. We sustain Williams's third issue. Because of our disposition of the third issue, we do not reach Williams's remaining issues. *See* Tex. R.App. P. 47.1.

## IV. CONCLUSION

Having sustained Williams's third issue, we reverse the summary judgment and remand for further proceedings consistent with this opinion.