NUMBER 13-02-599-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







GUY WILLIAMS, D/B/A FREEDOM BAIL BONDS
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the County Court at Law No. 3


of Nueces County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Castillo



 Appellant, Guy Williams, d/b/a Freedom Bail Bonds ("Williams"), the surety on
an appearance bond executed by Wilfredo L. Gonzalez as principal, challenges the trial
court's summary judgment in favor of the State of Texas, appellee, in a bond forfeiture
proceeding. In three issues, Williams asserts: (1) the State did not provide summary-judgment evidence of the performance bond; (2) the State did not respond or file
controverting affidavits to Williams's sworn motion for new trial; and (3) the trial court
erred in signing a final judgment that did not dispose of all parties, arguing that
Gonzalez is a necessary party but was never properly served. We reverse and remand. 
I. RELEVANT FACTS


 The State filed a judgment nisi (1) asserting that Gonzalez failed to appear for
arraignment in his misdemeanor criminal case. (2) The judgment nisi alleged that the
appearance bond was on file in the official court file of Gonzalez's criminal case. The
judgment nisi recited that: (1) Gonzalez as principal and Williams as surety entered into
an appearance bond payable to the State in the sum of $500.00 plus all fees and
expenses; (2) the bail bond was conditioned that Gonzalez personally appear in the trial
court until discharged by due course of law and answer for the misdemeanor offense
of evading arrest; and (3) Gonzalez had failed to appear for arraignment as ordered by
the trial court. After additional recitations requiring notice of the judgment nisi and
service of citation on both Gonzalez and Williams "in the form provided for citations
in civil cases," the judgment nisi ordered notice "to the surety that the bond has been
forfeited and require[d] him to appear and show cause why the judgment of forfeiture
should not be made final." The order added, "It is further ordered that this judgment
will be made final unless good cause is shown why the defendant did not appear." 

 Williams filed a sworn denial that included the affirmative defense that the
"Defendant-Principal is a necessary party to this lawsuit but has not been served with
citation." Gonzalez did not answer or otherwise appear. 

 The State filed a traditional motion for summary judgment on the bond
forfeiture. It attached certified copies of the appearance bond and the judgment nisi. 
In the motion, the State alleged that "[p]roper notice was given to the Defendant
Principal in accordance with the Code of Criminal Procedure but Wilfredo L. Gonzalez,
has failed to answer or appear." The motion for summary judgment was not sworn
and did not attach any evidence with regard to service on Gonzalez or his failure to
answer the judgment nisi. Williams filed a response to the motion for summary
judgment, asserting, among other issues, that the State had not shown that Gonzalez,
who as principal on the appearance bond was a necessary party to the suit, had been
served with citation. Both parties filed written objections to the other's summary-judgment evidence. No written order on either side's objections appears in the record.

 In its "Summary Judgment for Plaintiff," the trial court found that: (1) the
appearance bond was a valid and binding undertaking; (2) the requirements of
article 22.02 of the code of criminal procedure "have been substantially complied
with"; and (3) the principal "failed to appear." See Tex. Code Crim. Proc.
Ann. art. 22.02 (Vernon 1989) (providing for bond forfeiture proceedings). The
summary judgment concluded that the State was entitled to judgment on the bond
forfeiture and ordered recovery against Gonzalez as principal and Williams as surety,
jointly and severally, in the amount of $150.00 plus $307.50 costs of court. See 
Tex. Code Crim. Proc. Ann. art. 22.14 (Vernon 1989) (requiring inclusion of both
surety and principal in final judgment on bond forfeiture). 

 Williams filed written objections to the summary judgment, renewing his
complaint that Gonzalez, who as principal was a necessary party to any judgment
against Williams as surety, was not served as required by law. Because the State was
not entitled to judgment against Gonzalez, Williams argued, it was not entitled to
judgment against him as Gonzalez's surety. Williams also claimed that since there was
no evidence Gonzalez was properly before the trial court, the summary judgment was
not a final judgment. We first address Williams's finality argument. 

II. JURISDICTION


A. Finality


 Our initial inquiry is always whether we have jurisdiction over an appeal. (3)
Williams v. State, No. 13-02-00598-CV, 2003 Tex. App. LEXIS 7062, at *5 (Corpus
Christi August 21, 2003, no pet. h.) ("Williams I ") (citing Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993) and Garcia v. Comm'rs Court of
Cameron County, 101 S.W.3d 778, 779 (Tex. App.-Corpus Christi 2003, no pet.)). 
Jurisdiction of a court is never presumed. Williams I, 2003 Tex. App. LEXIS 7062,
at *5. Our jurisdiction is established exclusively by constitutional and statutory
enactments. Id. Unless one of the sources of our authority specifically authorizes an
interlocutory appeal, we only have jurisdiction over an appeal taken from a final
judgment. Id. Absent an express grant of authority, we do not have jurisdiction to
review an interlocutory order. Id. If the record does not affirmatively demonstrate our
jurisdiction, we must dismiss the appeal. Id. at *6. A judgment is not final unless it
disposes of all pending parties and claims in the record. Id. 

B. Finality Analysis


 The judgment nisi and Williams's amended answer show that the only pending
claim was the State's judgment nisi for the bond forfeiture. The only parties were the
State, Williams, and Gonzalez. The State's summary judgment motion asserted its
entitlement to judgment for the bond forfeiture. The summary judgment recites: 

 It is therefore ORDERED, ADJUDGED and DECREED that the
Plaintiff, THE STATE OF TEXAS, do have and recover of and against the
Defendants, WILFREDO L. GONZALEZ, principal, and Guy Williams dba
Freedom Bail Bonds as Surety, jointly and severally. . . .


(Emphasis in original.) Therefore, we find that the record does not reveal any claims
or parties not addressed by the summary judgment. Accordingly, we hold that the
summary judgment is final and appealable. See Williams I, 2003 Tex. App. LEXIS
7062, at *10 (citing Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204 (Tex. 2001)). 

 We note, however, that a final judgment of bond forfeiture must be rendered
against both the principal and the surety. Williams I, 2003 Tex. App. LEXIS 7062, at
*10-11 (citing Tex. Code Crim. Proc. Ann. art. 22.14 (Vernon 1989)). The record
does not reflect that Gonzalez answered the judgment nisi or otherwise appeared in
the bond forfeiture action. Nor, as discussed in more detail below, does the State
enjoy the benefits of any evidentiary presumption that it provided notice of the
judgment nisi to Gonzalez. In the words of the supreme court, granting more relief
than the State was entitled to means the summary judgment "is final - erroneous, but
final." See id. (quoting Lehmann, 39 S.W.3d at 200). 

III. SUMMARY JUDGMENT


A. The Standard of Review


 The function of summary judgment is to eliminate patently unmeritorious claims
and defenses, not to deprive litigants of the right to a jury trial. Williams I, 2003 Tex.
App. LEXIS 7062, at *11-12 (citing Alaniz v. Hoyt, 105 S.W.3d 330, 344 (Tex.
App.-Corpus Christi 2003, no pet.)). On appeal, the standard of review for the grant
of a motion for summary judgment is determined by whether the motion was brought
on traditional or no-evidence grounds. Williams I, 2003 Tex. App. LEXIS 7062, at *12
(citing Tex. R. Civ. P. 166a(i), (c) and Hoyt, 105 S.W.3d at 344). In a traditional
summary-judgment proceeding in a bond forfeiture action, the State, as movant, bears
the burden of showing both no genuine issue of material fact and entitlement to
judgment as a matter of law. Williams I, 2003 Tex. App. LEXIS 7062, at *12 (citing 
Tex. R. Civ. P. 166a(c) and Fisher v. State, 832 S.W.2d 641, 643 (Tex. App.-Corpus
Christi 1992, writ ref'd)). 

B. The Statutory Judgment Nisi Notice Requirements


 In a bond forfeiture proceeding, notice to the principal of the judgment nisi is
mandated by statute if the principal furnished an address on the bond. Williams I,
2003 Tex. App. LEXIS 7062, at *12 (citing Tex. Code Crim. Proc. Ann.
art. 22.05 (Vernon 1989)). The notice must be mailed to the principal's address as
shown on the bond. Williams I, 2003 Tex. App. LEXIS 7062, at *13. A rebuttable
presumption attaches that the mailing mandated by article 22.05 occurred. Id. (citing
Escobar v. State, 587 S.W.2d 714, 717 (Tex. Crim. App. [Panel Op.] 1979)). 
Consistent with the statutory requirement, the judgment nisi here ordered that "notice
to the Defendant as principal, be deposited in the United States Mail directed to the
said Defendant at the address shown on the bond." See Williams I, 2003 Tex. App.
LEXIS 7062, at *13 (citing Tex. Code Crim. Proc. Ann. art. 22.05 (Vernon 1989)). 

C. Summary-Judgment Burden Analysis


 The State does not dispute that it was required to provide notice to Gonzalez
at the address shown on the appearance bond. Rather, the State asserted in its
motion for summary judgment that it had provided the required notice. On appeal, the
State argues that Williams offered no proof to rebut the presumption that it mailed
notice to Gonzalez. 

 Williams incorporated his verified answer into his response to the State's motion
for summary judgment. In the answer, Williams verified "to the best of his information
and belief" that "the Defendant-Principal is a necessary party to this lawsuit but has
not been served with citation," among other assertions. The State objected to the
verified answer as summary-judgment evidence, among other grounds, on the basis
of Williams's lack of personal knowledge of the factual statements in the answer. It
pointed to Williams's verification as being based on "information and belief," not
personal knowledge. However, the State did not pursue its objection. 

 A trial court does not implicitly sustain, by granting the motion, a summary-judgment movant's objections where there is no ruling or order. Williams I, 2003 Tex.
App. LEXIS 7062, at *14 (citing Jones v. Ray Ins. Agency, 59 S.W.3d 739, 752 (Tex.
App.-Corpus Christi 2001), pet. denied, 92 S.W.3d 530 (Tex. 2002)). For there to
be an implicit ruling on a party's objection to summary-judgment evidence, some
indication must appear in the record or in the summary judgment itself, other than the
mere granting of the summary judgment, that the trial court ruled on the objection. 
Id. at *14. The State bore the burden of obtaining a ruling on its objection. Id.
at *15. The State did not do so. Nor is there any indication in the record or in the
summary judgment itself that the trial court sustained the State's objection to the
personal-knowledge basis of Williams's verification. See id. 

 Similarly, the State also objected that Williams could not transform his answer
into summary-judgment evidence by incorporating it into his summary-judgment
response. Again, the State did not obtain a ruling on its objection. Nor is there any
indication in the record or in the summary judgment itself that the trial court sustained
the State's objection to incorporation of Williams's verified answer into his summary-judgment response. See id. at *16. 

 In the absence of a ruling or written order on the State's objections or any other
indication in the record or in the summary judgment itself that the trial court implicitly
or explicitly sustained the State's objections, we find that Williams's verified answer
as incorporated into his summary-judgment response is in evidence as part of the
summary-judgment record. See id. It follows, therefore, in the absence of a ruling or
written order or other indication that the trial court implicitly or explicitly sustained the
State's objections to Williams's summary-judgment evidence, that Williams raised a
fact issue about whether the State mailed notice of the judgment nisi to Gonzalez. If
true, Williams's summary-judgment evidence rebuts the presumption of mailing. 
See id. at *16-*17. 

 Conversely, the unsworn allegation in the State's motion that it had provided
the required notice to Gonzalez is not evidence. See id. at *18. Even if the State's
unsworn assertion that it had provided notice to Gonzalez was proper summary-judgment evidence, the allegation only serves to controvert Williams's summary-judgment evidence that the State did not serve Gonzalez. On this record, we hold that
an issue of material fact exists as to the State's compliance with article 22.05 in
mailing notice to Gonzalez. See id. Accordingly, we hold that the State did not meet
its burden of showing no genuine issue of material fact and entitlement to judgment
against Gonzalez as a matter of law. See id. at *19. 

 Further, as noted above, a final judgment on a bond forfeiture must include both
the surety and the principal. See id. Since the State is not entitled to summary
judgment against Gonzalez, it also is not entitled to summary judgment against
Williams. See id. We hold that the trial court erred in granting summary judgment to
the State. See id. We sustain Williams's third issue. Because of our disposition of
the third issue, we do not reach Williams's remaining issues. See Tex. R. App. P. 47.1.

IV. CONCLUSION


 Having sustained Williams's third issue, we reverse the summary judgment and
remand for further proceedings consistent with this opinion. 


 ERRLINDA CASTILLO

 Justice


Opinion delivered and filed

this 25th day of August, 2003. 


1. The literal meaning of "judgment nisi" is "judgment unless." Reyes v. State,
31 S.W.3d 343, 344 n.1 (Tex. App.-Corpus Christi 2000, no pet.). 
2. The underlying criminal case is cause number 99-4472-3, styled "State of Texas vs.
Wilfredo L. Gonzalez." We do not resolve, by our recitation of the facts as they appear in the appellate
record of this case, any factual disputes that may exist. 
3. Except as otherwise provided in chapter 22 of the code of criminal procedure, bond forfeiture
proceedings are governed by the same rules as other civil suits. Williams v. State, No. 13-02-00598-CV,
2003 Tex. App. LEXIS 7062, at *6 (Corpus Christi August 21, 2003, no pet. h.) ("Williams I ") (citing
Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2003); Alvarez v. State, 861 S.W.2d 878, 881
(Tex. Crim. App. 1992) (per curiam) (op. on partial reh'g); and Williams v. State, 82 S.W.3d 788, 791 
(Tex. App.-Corpus Christi 2002, no pet.)).