**AFFIRMED; Opinion Filed May 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01552-CV

### BRIAN MAURICE FULLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F10-51976-I**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Brian Maurice Fuller files this restricted appeal complaining, in one issue, of the entry of

a default judgment against him in a bond forfeiture case. Fuller asserts the trial court erred by

rendering the July 18, 2013 judgment against him as the principal on the bond because the trial

court can only enter one final judgment in a bond forfeiture case and it had—five days

previously—entered such a final judgment. (The July 13, 2013 judgment that disposed of the

surety's liability by holding that the State take nothing from the surety.)

The background of the case and the evidence adduced below are well known to the

parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in

law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude the July 13

judgment, despite its terms, was interlocutory in nature and not final, and that it merged into the

July 18 judgment, which disposed of the remaining issue and party before the court—namely,

Fuller and his liability on the bond. Therefore, the July 18 judgment is the only final judgment. We reject Fuller's issue and affirm the trial court's judgment.

To prevail on a restricted appeal, an appellant must establish: "(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In a restricted appeal, the face of the record is comprised of all the papers in the file for the appeal. *Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.). This case hinges on the fourth element—i.e., whether error is apparent on the face of the record.

On May 18, 2010, Fuller was arrested for aggravated robbery; he was released on a $50,000 bond. After Fuller failed to appear for trial, the trial court entered a judgment nisi for district court bond. A writ of citation was entered, which ordered Fuller and the surety to appear and file a written answer to the judgment of forfeiture. The surety filed an answer, but Fuller did not.

On July 13, 2012, the trial court entered an "Agreed Final Judgment," which stated that the State and surety appeared for trial and that "judgment rendered against [Fuller and the surety] on the bail bond of the said Brian Maurice Fuller should be made final." The trial court ordered that the State would recover nothing from the surety. The judgment concluded that "[a]ll other relief not expressly granted herein is denied. . ."

Five days later, the trial court entered a no-answer default judgment against Fuller for the full amount of the bond, $50,000. The default judgment noted that the surety and the State "have reached an agreement set out in a separate judgment." It also concluded that "[a]ll other relief

–2–

not expressly granted herein is denied. . . . This is a final judgment." Fuller filed a notice of restricted appeal within six months.

Fuller argues that error is apparent on the face of the record. He asserts that article 22.14 of the code of criminal procedure provides that only one final judgment can be entered in a bond forfeiture case, and the trial court erred by entering separate judgments against the surety and Fuller. Article 22.14 states:

> When, upon a trial of the issues presented, no sufficient cause is shown for the failure of the principal to appear, the judgment shall be made final against him and his sureties, if any, for the amount in which they are respectively bound; and the same shall be collected by execution as in civil actions.

TEX. CODE CRIM. P. ANN. art. 22.14 (West 2009).

Fuller argues this provision means that "a bail bond forfeiture judgment must be rendered against both the principal and the surety at the same time. There is no provision for taking one judgment against the surety and then taking another judgment against the principal." He concludes that because the agreed judgment against the surety was entered first, it is the only legal judgment in this case.

Bond forfeiture cases are criminal matters; however, bond forfeiture proceedings are governed by the rules of civil procedure. TEX. CODE CRIM. PROC. ANN. art. 22.10 (West 2009); *Ranger Ins. Co. v. State*, 312 S.W.3d 266, 268 (Tex. App.—Dallas 2010, pet ref'd). Likewise, in an appeal of a bond forfeiture proceeding, "the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken. . ." TEX. CODE CRIM. PROC. ANN. art. 44.44 (West 2006).

Except as specifically provided by law, there shall be only one final judgment in any case. TEX. R. CIV. P. 301. A judgment that issues without a conventional trial is final only if it either actually disposes of all claims and parties before the trial court or it states with unmistakable clarity that it is a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200

(Tex. 2001). While a clause stating something to the effect that "all other relief not expressly granted is hereby denied" indicates that a post-trial judgment is final, it does not establish finality. *Id.* at 203-04. Likewise, language permitting execution does not unequivocally express finality in absence of a judgment that actually disposes of all parties and all claims. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005).

The trial court's July 13 judgment, titled "Agreed Final Judgment," states that "[a]ll other relief not expressly granted herein is denied. . ." However, it is clear from the record that it was not a final judgment because it only disposed of the State's claim against the surety; it did not dispose of the State's pending claim against Fuller. *See Lehmann*, 39 S.W.3d at 203-04. Because the judgment did not dispose of all parties, it was interlocutory.

The July 18 default judgment is not a nullity as Fuller argues. Rather, the July 18 judgment disposed of all remaining parties and issues and was therefore final. Further, the prior interlocutory judgment was merged into and subsumed by the final judgment. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972). Thus, there is only one final judgment in this case.

We are aware of the distinction in Texas cases between finality of the judgment for appellate jurisdictional purposes and entry of final judgment under article 22.14. *See Lozano v. State*, 978 S.W.2d 645, 647 (Tex. App.—Eastland 1998, no pet.). In his brief, Fuller cites *Lozano, Williams v. State*, 114 S.W.3d 703, 708 (Tex. App.—Corpus Christi 2003, no pet.), and *Joe's Bonding Company v. State*, 481 S.W.2d 145, 146 (Tex. Crim. App. 1972) to support his argument that there is no provision for separate judgments against the surety and principal. We consider these cases distinguishable.

In *Lozano*, when the principal failed to appear for the hearing on the judgment nisi, the trial court entered judgment only against the surety. The trial court did not enter any judgment against the principal. Rather, the trial court entered a severance order so that the judgment

–4–

against the surety could become final for appellate purposes. *Lozano*, 978 S.W.2d at 647. The Eastland Court of Appeals reversed and remanded the trial court's judgment against the surety. *Id.* at 646. The Eastland Court noted that although the judgment against the surety was final for purposes of appeal, that finality did not mean that the trial court was entitled to enter a final judgment against the surety but not the principal. *Id.* at 647. Because the trial court failed to dispose of the case against the principal, the trial court's judgment was not in accordance with article 22.14. *Id.* at 648.

*Lozano* is similar to the court of criminal appeals' opinion in *Joe's Bonding,* in which the trial court entered a final judgment against some of the sureties but omitted the principal and another surety. *Joe's Bonding*, 481 S.W.2d at 146-47. The State confessed error and the court agreed. *Id.* at 146. Because the judgment did not dispose of all parties, the court of criminal appeals reversed the trial court's judgment and remanded the case to the trial court. *Id*. at 146-47.

Finally, in *Williams*, the surety answered the judgment nisi, but the principal did not. *Williams*, 114 S.W.3d at 705-06. The surety asserted that the principal was a necessary party to the lawsuit, but had not been served with citation. *Id.* at 706. The State filed a motion for summary judgment, which did not attach any evidence regarding service on the principal or his failure to answer. *Id.* The trial court granted summary judgment in favor of the State and ordered recovery against the principal and surety jointly and severally. *Id.* The Corpus Christi Court determined a fact issue existed about whether the principal received proper notice of the judgment nisi, and the State was not entitled to summary judgment. *Id.* at 710. The court then concluded that because the State was not entitled to summary judgment against the principal, it was not entitled to summary judgment against the surety. *Id.* The court reversed the trial court's judgment and remanded the case.

Unlike these cases on which Fuller relies, here, the trial court entered judgment against both Fuller and the surety. Further, Fuller does not argue a substantive reason why judgment should not have been entered against him or the surety, as the surety did in *Williams*. We do not consider these cases dispositive.

Because the trial court disposed of all of the parties in this case and entered judgment against them, we have jurisdiction to consider the appeal. Further, because the trial court's judgments merged into one final judgment, we conclude error is not apparent on the face of the record. We overrule Fuller's sole issue.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

121552F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BRIAN MAURICE FULLER, Appellant

No. 05-12-01552-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F10-51976-I.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant BRIAN MAURICE FULLER.

Judgment entered this 7th day of May, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE