Glenn Edgar **MURRAY**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY**, Appellee.

**No. 4420.**

Court of Civil Appeals of Texas, Eastland.

Nov. 20, 1970.

Rehearing Denied Dec. 18, 1970.

W. H. Eyssen, Jr., Big Spring, Bennie Bock, II, Asst. Atty. Gen., Austin, for appellee.

COLLINGS, Justice.

This is an appeal by Glenn Edgar Murray from a judgment of the County Court in favor of the Department of Public Safety finding appellant to be guilty of being an habitual violator of the traffic law as grounds for the suspension of his commercial operator's license as specified by Section 22(b), par. 3 of Article 6687b, Vernon's Ann.Revised Civil Statutes of Texas. The judgment provided that the Department should suspend appellant's license for a period of five months.

Appellant does not question that under Article 6687b the findings of the court that he was an habitual violator of the traffic laws so as to support a suspension of his license and the finding that his license should be suspended are matters properly determinable by summary judgment. However, appellant in his third point contends that the court erred in granting the motion of the Department of Public Safety for summary judgment authorizing the suspension of his Texas commercial operator's license for any period of time because appellant asserts that the Department's unverified motion for summary judgment was not supported by extrinsic summary judgment proof to establish appellant's guilt of the matters alleged by the Department as grounds for the suspension of his license, in that the affidavits and other verified and certified copies of appellant's driving record relied upon by the Department were not on file in the case because of a series of imperfections in appellee's pleadings, and that, therefore, appellee failed to properly place such affidavits and certified copies in evidence. The point is overruled.

 Abstracts of judgments of conviction and notices of conviction are admissible and constitute evidence of the contents of the judgments involved. Texas

George T. Thomas, Big Spring, for appellant.

Department of Public Safety v. Casselman, 417 S.W.2d 146 (Tex.Sup.1967). Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.Sup.1964). Rule 166–A, Texas Rules of Civil Procedure requires only that the depositions, admissions, and affidavits in support of a motion for summary judgment be on file, either independently or as a part of the motion for summary judgment or of some other properly filed instrument. Such instruments do not have to be formally offered into evidence upon the summary judgment hearing. Richards v. Allen, 402 S.W.2d 158 (Tex.Sup. 1966). The affidavits and exhibits on file conclusively show appellant to be an habitual violator of the traffic laws.

■ The Department's original motion made reference to the affidavits and exhibits which constitute the summary judgment proof, thus placing such affidavits in the record. The Department's motion to remove such affidavits and exhibits from the original motion, and to reattach same to the amended motion for summary judgment, and the order granting such motion was notice to appellant that the affidavits and exhibits concerning his driving record and notices of conviction were to constitute proof in support of the summary judgment. Where such documents are a part of the record it is sufficient to refer to them in the motion for summary judgment without attaching them thereto. Perry v. Little, 377 S.W.2d 765 (Tex.Civ.App.1964, Ref. N.R.E.).

■ Appellant made no objection to any alleged defect, omission or fault in the pleadings of the Department. The failure of appellant to point out such defect, if any, and to bring same to the attention of the trial court before judgment was a waiver of the defect. Rule 90, Texas Rules of Civil Procedure. This point is overruled.

■ Appellant further contends that since the length of suspension of an operator's license is not specified by the statute,

except that it cannot exceed one year, a trial court may not give summary judgment fixing the duration of the suspension, and that the court erred in determining by summary judgment the length of appellant's suspension. We agree with this contention. Under Article 6687b, Section 22(b), par. 3, included among the issues for determination are whether the license of a violator should be suspended, and if so, the length of time of the suspension. The statute does not establish the duration of the suspension except to provide that it shall not exceed one year. The length of time of the suspension is required by the statute to be determined by the County Court "under rules governing the trial of other civil suits." Lewis v. Texas Department of Public Safety, 407 S.W.2d 855 (Tex.Civ.App.1966, no writ hist.). The question of the length of the suspension is thus a matter within the discretion of the County Court. It is well settled that in a summary judgment hearing the burden is on the movant to show that there is no genuine dispute of any material issue of fact and that the movant is entitled to judgment as a matter of law.

The situation in our opinion is, as urged by appellant, comparable to cases where the facts in evidence establish as a matter of law the liability of a defendant, but there is a question of fact concerning the amount of damages or attorney's fees to which the plaintiff is entitled. The issue concerning the length of time that appellant's drivers license should be suspended, being within the discretion of the court, is a question of fact to be determined from the evidence. Appellant was entitled to have such issue determined by the judge, or jury, upon a trial of the case. The issue was not determinable upon motion for summary judgment. Jindra v. Jindra, 267 S.W.2d 287 (Tex.Civ.App.1954, Ref. N.R. E.). Smith v. Texas Discount Company, 408 S.W.2d 804 (Tex.Civ.App.1966, no writ hist.).

The judgment is reversed and the cause is remanded.