Robert L. ESCOBAR, Abelardo Castillo d/b/a, Eagle Bail Bonds, Appellants,

v.

The STATE of Texas, Appellee.

No. 61631.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 26, 1979.

Rehearing En Banc Denied Oct. 31, 1979.

---

Pat Maloney and Timothy T. Tynan, San Antonio, for appellants.

Bill M. White, Dist. Atty., Roberto De-Leon and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from the forfeiture of an appearance bond. The appellants, through four grounds of error, make two basic contentions. First, the appellants argue that the final judgment forfeiting the bond is void because the trial court never obtained personal jurisdiction over appellant Escobar the principal and thus could not render the judgment against the principal that is a prerequisite to a valid judgment against appellant Castillo the surety. Second, the appellants contend that the trial court erred in granting appellee's motion for summary judgment because the original motion for summary judgment was insufficient under the Rules of Civil Procedure.

Upon entry of a judgment nisi, a citation must be issued which gives notice that the bond has been forfeited and orders an appearance to show cause why the forfeiture judgment should not be made final. Art. 22.03, V.A.C.C.P. This citation must be properly served on the surety and, if the principal's address is on the bond, the citation must be mailed to that address. Art. 22.05, V.A.C.C.P. In this case, the principal's address is on the bond, but appellants assert that the citation was never mailed to that address as required by Art. 22.05 and that, consequently, the trial court never obtained personal jurisdiction over the principal. This assertion is not supported by the record.

In the judgment nisi, the district judge expressly ordered that "notice to the DEFENDANT, as principal, be deposited in the United States mail directed to the same

DEFENDANT at the address shown on the Bond." A silent record does not necessarily mean that no mailing occurred. There is nothing in the record which indicates that the order of the district court was not carried out. Absent such an indication in the record, compliance with Art. 22.05 will be presumed. *Jackson v. Wallace*, 252 S.W. 745 (Tex.Com.App.1923, judgment adopted); *In re Estate of Bourland v. Hanes*, 526 S.W.2d 156 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n. r. e.); *Morris v. Drescher*, 123 S.W.2d 958 (Tex.Civ.App.-Waco 1938, writ ref'd).

 Additionally, the final judgment of the district court stated that the parties were before the court at the hearing on appellee's motion for summary judgment. A general appearance before the court by the principal, or by an attorney representing the principal, waives the requirement of service and establishes personal jurisdiction. *Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834 (Tex.Civ.App.-Austin 1975, no writ) and authorities cited therein. Where a judgment recites that a party appeared, this recital is presumed true unless there is a conflict between the judgment and the record. *Intercity Investments Co. v. Plowman*, 542 S.W.2d 260 (Tex.Civ.App.-Ft. Worth 1976, no writ); *Carter v. Burleson*, 439 S.W.2d 381 (Tex.Civ.App.-Houston [14th Dist.] 1969, no writ); *Roberts v. Roberts*, 405 S.W.2d 211 (Tex.Civ.App.-Waco 1966, writ ref'd n. r. e. per curiam). No such conflict with the judgment appears in the record before this Court. Compare *Day v. State*, 489 S.W.2d 368 (Tex.Civ.App.-Austin 1972, writ ref'd n. r. e.). The trial court had personal jurisdiction over the principal.

 Appellants also contend that the trial court erred in granting the motion for summary judgment because the motion referred to an attached affidavit, a copy of the judgment nisi, and a copy of the bond, but the motion was actually without these necessary attachments. In the record on appeal, the motion for summary judgment is listed in the index as being with attachments, and the motion is in the record together with all documents referred to, all properly dated. The record is sworn to as correct by the deputy district court clerk. Absent other evidence, we find that the attachments to the motion were "attached thereto or served therewith." Tex.R.Civ.P. 166–A(e). Attachment of these documents was, in any event, unnecessary because they were already a part of the trial court's record in the case. *Murray v. Texas Department of Public Safety*, 461 S.W.2d 210 (Tex.Civ.App.-Eastland 1970, no writ); *Perry v. Little*, 377 S.W.2d 765 (Tex.Civ.App.-Tyler 1964, writ ref'd n. r. e.).

 The attachments were properly filed; yet appellants also argue that, because a copy of the attachments was not served on them, notice was inadequate. Rule 21a, Tex.R.Civ.P., provides that:

"Nothing herein shall preclude any party from offering proof that the notice or document was not received . . . and upon so finding, the Court may extend the time for taking the action required of such party or grant such other relief as it deems just."

It is doubtful that the unsworn "Exceptions to Plaintiff's Motion for Summary Judgment" is competent "proof" under this Rule and no other proof was offered. See *Hurt v. Bays*, 537 S.W.2d 139 (Tex.Civ.App.-Austin 1976, writ ref'd n. r. e.). Appellants also did not secure a "finding" from the trial court on this issue.

 Finally, this was an allegation of insufficient notice, not a challenge to personal jurisdiction, and relief under Rule 21a is vested within the discretion of the trial court. Faced with a silent record, we may assume that the trial court satisfied itself during the hearing on the motion for summary judgment that appellants had adequate notice. We also note that the alleged lack of notice essentially translates to lack of notice as to the contents of the bond and the judgment nisi. Appellants were signatories to the bond; we presume they knew its contents. The record further shows that the surety was personally served with a copy of the judgment nisi at the time of its original issuance. We refuse to find, based

on this record, that the trial court abused its discretion.

The judgment is affirmed.