John A. MURRAY d/b/a A Abel Bonding Company, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-91-273 CR.

Court of Appeals of Texas, Beaumont.

June 24, 1992.

---

G.P. Monks, Monks, Monks & Monks, P.C., Houston, for appellant.

Peter C. Speers, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from a bond forfeiture. John A. Murray, d/b/a A Abel Bonding Company, executed two $5,000 bail bonds as surety for principal Joe Trevino. Trevino was charged with the aggravated sexual assaults of two children under the age of fourteen. The bonds were executed to secure Trevino's release on September 19, 1989. On October 25, 1989, Trevino was indicted for two counts of aggravated sexual assault. He pleaded guilty on August 27, 1990, but failed to appear at sentencing on December 14, 1990. Judgment Nisi was entered on both bonds on January 29, 1991, citation issued and Murray answered and appeared. On July 23, 1991, the trial court entered a judgment of forfeiture on each bond. Appellant raises two points of error.

Point of error one urges: "The trial court erred by entering two final judgments of forfeiture on both bonds with only one indictment. Judgment should enter for one bond only." Appellant contends: "Because no indictment was returned on one of the charges for which bond was given, by the next term of court and neither of the bonds were continued by order of the court, one of the bonds was exonerated by operation of Tex.Code Crim. Proc.Ann. art. 22.13 § 4."

The essential elements in a bond forfeiture proceeding are the bond and the judgment nisi. *Deckard v. State*, 615 S.W.2d 717 (Tex.Crim.App.1981). The judgment nisi is the judicial declaration of the forfeiture of the bond, and once it is established, it is the defendant's burden to prove that one of the elements has not been complied with. *Tocher v. State*, 517 S.W.2d 299 (Tex.Crim.App.1975). Each bond was admitted into evidence. The trial court took judicial notice of the judgments nisi and of its file which included the indict-

**446**

ment. *Hokr v. State*, 545 S.W.2d 463 (Tex. Crim.App.1977). Appellant's claim that one of the bonds was exonerated by operation of article 22.13, section 4 is without merit because the state introduced evidence that an indictment was returned on both charged offenses. Although TEX.CODE CRIM.PROC.ANN. art. 17.09 § 2 (Vernon 1977) does provide: "When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided", we determine that this statute does not apply to the situation at hand, where bond is given on two separate offenses which are subsequently charged in a single indictment, nor does appellant so argue in his brief. Point of error one is overruled.

█ Point of error two contends: "The trial court erred by failing to either: enter a final judgment against principal on bonds or dismiss action against him." The judgments nisi are adjudged against both principal and surety, but the forfeiture judgments omit the principal. The court of criminal appeals has held that article 22.14 requires a judgment be made final against the principal and his sureties, so that a judgment rendered against the surety without rendition of judgment against the principal is erroneous and must be reversed. *Joe's Bonding Company v. State*, 481 S.W.2d 145 (Tex.Crim.App.1972).

█ The state concedes error, but requests this Court "modify the judgment of the court below by reforming it to include a final judgment taken on both bonds against the principal as well as the Appellant (surety)." Joe Trevino, the principal upon the bonds, is not a party to this appeal. It would be abhorrent to due process to adjudicate the rights of one not before the Court. It appears that the judgments entered failed to dispose of all of the parties before the trial court. Under the civil rules the judgment would be interlocutory, and this Court would be without jurisdiction to hear the appeal. The proper action would be to dismiss the appeal and return the case to the trial court for entry of a final judgment. However, in this situation the court of criminal appeals has consistently reversed and remanded to the trial court. E.g. *Smith v. State*, 529 S.W.2d 549 (Tex. Crim.App.1975); *Smith v. State*, 485 S.W.2d 787 (Tex.Crim.App.1972). Point of error two is sustained. The judgment of the trial court is reversed and remanded.

REVERSED AND REMANDED.