Affirmed and Memorandum Opinion filed January 20, 2003
















Affirmed and Memorandum Opinion filed January 20,
 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01303-CR

____________

 

GERALDINE SOILEAU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 900,595-A

 



 

M E M O R A N D U M  
O P I N I O N

Appellant Geraldine Soileau, a
surety in Harris County, appeals from a summary judgment in favor of the State
in a criminal bond forfeiture case.  We
affirm.

PROCEDURAL BACKGROUND








Salvado Cesar Wresti,
a/k/a, Salvador C. Uresti, was charged with the
manufacture or delivery of cocaine in excess of 400 grams.  On May 10, 2002, Wresti,
as principal, and Soileau, as surety, and someone
using the name of Eli Uresti, as a second surety,
executed a bail bond in the amount of $500,000.00 for Wresti=s release from custody.  Soileau filed the
bond the following day.

On May 24, 2002, Wresti failed to
appear as required by the court.  On May
30, 2002, the court entered a Judgment of Forfeiture (Judgment Nisi), to become
final unless good cause was shown why the defendant did not appear.  According to the judgment, citation was to
issue to the sureties by certified mail, return receipt requested, restricted
delivery.  A[N]otice
to the Defendant, as principal, [was to] be deposited in  the United States mail, directed to the
Defendant at the address shown on the bond.@ 

On May 28, 2002, before the actual entry of judgment, Soileau, through her attorney Jan G. Banker, filed an
answer to the judgment nisi.  In her
answer, Soileau pleaded a general denial and
equitable remittur.

On June 4, 2002, the Harris County District Clerk=s office issued citation to Wresti, Soileau and Eli Uresti.  The bottom
of the citation form contains the following:

Return For Certified
Mail

 

Received this citation on the ________________ day of
_________________ _______________ at _______ o=clock
____,m.  Executed on the
____________________day of _____________, _____________, by mailing to the
within named

defendant, SALVADO CESAR WRESTI AKA SALVADOR C. URESTI    

at 1725 CHESTON                                   HOUSTON,     TX 77029                                              

             
(Street Address)                                                   
(City/State/Zip)                     
 (County)

by certified mail, return receipt requested, with
delivery restricted to addressee only, a true copy of this citation with a copy
of the Judgment of Forfeiture (Judgement Nisi)
attached and said receipt was returned [  
] postmarked received by addressee, [  
] postmarked signed by other than addressee, [   ] postmarked signed, signature illegible,
[   ] postmarked unclaimed.

U.S. POST OFFICE RETURN RECEIPT ATTACHED HERETO.

 

__________________________

Signature of Authorized Person

_____________________________

  Printed Name of
Authorized Person

 

The citation form also contains an initialed stamp
indicating a deputy clerk placed the citations in the United States mail on June
 4, 2002.  On July 9, Eli F. Uresti
filed an answer to the judgment nisi, denying he executed the bond.








On July 17, 2002, the State filed a motion for
summary judgment, with certified copies of the bond and the judgment nisi
attached.  The State alleged it had
proved its case for forfeiture against Wresti and Soileau as a matter of law, and that, despite an adequate
time for discovery, there was no evidence to support any defense by Wresti or Soileau.  The State sought a non-suit of Eli Uresti.  On July 17,
the State also filed a notice of submission, setting the case for consideration
and ruling on August 14, 2002.

On August 5, 2002, Eli Uresti
responded to the motion for summary judgment, requesting a non-suit and
dismissal.  On August 7, 2002, Kevin J.
Parks filed a motion for substitution of counsel, stating Soileau
wished to substitute Parks and David A. Furlow, both
attorneys at Thompson & Knight, LLP, for Banker.

On August 5, Soileau, through
Parks, also filed a verified motion for continuance of the August 14 summary
judgment submission and response to the summary judgment motion.  Soileau complained
(1) the State had not followed its regular practice of allowing bond
sureties  nine months to locate the
absconded defendant, (2) Furlow had a vacation letter
on file with the Harris County Clerk stating he would be on vacation from June
22 through August 9, 2002, (3) the motion for summary judgment was premature
because it invoked a no-evidence ground and there had not been adequate time
for discovery, and (4) she had not had an opportunity to conduct any
discovery.  Soileau
also argued the State could not then obtain judgment against her because the
State failed to serve or attempt to serve the motion for summary judgment or
the notice of submission on the principal. 
Soileau subsequently supplemented her motion
for continuance, specifically stating she sought Ato obtain relevant,
discoverable evidence,@ including (1) the identity of
the bailiff who allegedly called Wresti=s name Aat the Bond Forfeiture [sic],@ (2) relevant information about
Wresti, and (3) the original copies of the bond and
judgment nisi.

On August 9, 2002, Soileau
filed objections to the State=s summary judgment evidence,
and on August 13, she served the State with a request for disclosure and a
request for production of documents.








On August 14, 2002, the trial court granted Soileau=s motion for substitution of
counsel, but denied her motion for continuance. 
The court also granted the non-suit of Eli Uresti
and granted the State=s traditional summary judgment
motion.  On September 12, Soileau filed a motion for new trial, which the court
denied on November 22, 2002.

DISCUSSION

Overview

Soileau presents nine issues for
review, which she discusses in fourCintermittently overlappingCarguments.  Issues one and two concern the legitimacy, in
general, of the trial court=s having granted the State=s motion for summary judgment;
issues three through seven, alleged defects in the documents the State
presented in support of its motion for summary judgment; eight, the purported
lack of service on the principal defendant, Wresti;
and nine, denial of Soileau=s motion for continuance.  After setting forth the standard of review
and legal standards for summary judgment in the context of bail bond
forfeiture, we briefly discuss Soileau=s issues one and two.  We then consider her specific challenges to
the summary judgment.  Finally, we
address denial of her motion for continuance.

Challenges to the Summary Judgment

Standard of Review and Legal Standards 








Although criminal in nature, forfeiture proceedings are
governed by the rules of civil procedure. 
Tinker v. State, 561 S.W.2d 200, 201 (Tex. Crim.
App. [Panel Op.] 1978); see Tex.
Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2004).  In moving for summary judgment in a bond
forfeiture case, the State must establish as a matter of law there are no
genuine issues of material fact regarding any of the essential elements of its
cause of action, and that it is entitled to judgment as a matter of law.  Deckard v. State, 615 S.W.2d 717, 718
(Tex. Crim. App. [Panel Op.] 1981) (citing Gibbs
v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970)); Villarreal v.
State, 826 S.W.2d 621, 622 (Tex. App.CHouston [14th Dist.] 1992, pet.
ref=d).  In determining whether there is a material
fact issue, we take as true the evidence favorable to the non‑movant.  Alvarez
v. State, 861 S.W.2d 878, 887 (Tex. Crim. App.
1992) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548B49 (Tex. 1985)).  Also, we must indulge every reasonable
inference from the evidence in favor of the non‑movant.  Id.

In Alvarez, the Court of Criminal Appeals described
what the State must do to establish it is entitled to summary judgment in a
bond forfeiture proceeding:

It is well‑settled that the
State=s proof in a bond forfeiture
proceeding consists of the bond and the judicial declaration of the forfeiture
of the bond, which is the judgment nisi. 
Tocher v. State, 517 S.W.2d 299,
301 (Tex. Crim. App. 1975).  The judgment nisi is prima facie proof that
the statutory requirements of Art. 22.02 have been satisfied.  Id. 
The burden then shifts to the defendant to affirmatively show
otherwise.  Id. 
Indeed, A[t]he court will presume that the
judgment nisi was taken in accordance with the statutory requirements, unless
it affirmatively appear otherwise.@ 
Id., citing Thompson v. State, 31
Tex. 166 (1868).  In moving for summary
judgment in an appearance bond forfeiture case, the State must therefore
establish as a matter of law that there are no genuine issues of material fact
as to any of the elements of the State=s cause of action, which are proved by
the bond and the judgment nisi.  Deckard
v. State, 615 S.W.2d 717, 718 (Tex. Crim. App.
1981) (panel opinion).

 

861 S.W.2d at 887.

General Challenge to the Order Granting Summary Judgment

Soileau=s first argumentCthat A[t]he trial court erred in granting
summary judgment because there was no evidence, or alternatively, there was
legally insufficient evidence, to warrant the trial court=s grant of summary judgment@Csimply presents in abbreviated form,
her second and third arguments, which we address below.  In overruling the issues encompassed in Soileau=s second and third arguments, we necessarily overrule the issues
encompassed in her first argument, i.e., her issues one and two.








Alleged Defects in the Documents Attached to the State=s Summary Judgment Motion

 In issues three
through eight, addressed in her third argument, Soileau
complains of alleged defects in the documents the State presented in support of
its motion for summary judgment. 
Although the State attached certified copies of the bail bond and the
judgment nisi to its summary judgment motion, Soileau
contends these documents were not authenticated and also points to the
following notation at the bottom of the copies: ARECORDER=S MEMORANDUM.  This instrument is of poor quality and not
satisfactory for photographic recordation; and/or alternations were present at
the time of the filming.@[1]  She then argues the State=s documents were inadmissible
under Texas Rules of Evidence 901, 902, 1001 and 1002.

In Escobar v. State, the Court of Criminal Appeals
rejected a defendant=s contention the trial court
erred in granting the State=s motion for summary judgment
because the State referred to an attached affidavit, a copy of the judgment
nisi, and a copy of the bond, but the motion was actually without these
necessary attachments.  587 S.W.2d 714,
716 (Tex. Crim. App. [Panel Op.] 1979).  The court explained:

In the record on appeal, the motion
for summary judgment is listed in the index as being with attachments, and the
motion is in the record together with all documents referred to, all properly
dated.  The record is sworn to as correct
by the deputy district court clerk. 
Absent other evidence, we find that the attachments to the motion were Aattached thereto or served therewith.@ Tex. R. Civ. P.
166‑A(e).  Attachment of
these documents was, in any event, unnecessary because they were already a part
of the trial court's record in the case.

 








Id. (emphasis added) (citing Murray v. Tex. Dep=t of Pub. Safety, 461 S.W.2d 210, 212 (Tex. Civ. App.CEastland 1970, no writ); Perry
v. Little, 377 S.W.2d 765, 768 (Tex. Civ. App.CTyler 1964, writ ref=d n. r. e.)); see also Deckard
v. State, 608 S.W.2d 675, 676 (Tex. Crim. App.
[Panel Op.] 1980) (citing Escobar and stating actual attachment of bond
and judgment nisi to the motion for summary judgment unnecessary because they appeared
to have been already part of the trial court=s record).

The original bond and judgment in the present case, which
were part of the trial court=s record at the time the
summary judgment was filed, are part of the record on appeal.[2]  Under Escobar, we do not see how the
alleged defects in the copies attached to the State=s motion are of any moment.

We overrule Soileau=s issues three through seven,
dealing with the alleged defects in the documents attached to the State=s motion for summary judgment.

Purported Lack of Service on Wresti

In issue eight, addressed in her second argument, Soileau contends the trial court erred in signing a summary
judgment against a surety bail-bondsman when there was no evidence the State
served the principal defendant, i.e., Wresti,
with a copy of the motion.  In her
argument addressing this issue, she also points to alleged defects in service
of the citation.  We begin by addressing
the latter allegation.

Service of citation of the
judgment nisi.  Soileau contends
the summary judgment evidence does not establish Wresti
was served with citation of the judgment nisi. 
Soileau bases this contention on the lack of a
printed name in the blank for Aauthorized person@ on the part of the citation
containing the return for certified mail. 
Despite a notation indicating a deputy clerk deposited the citation in
the United States mail on June
 4, 2002,
Soileau observes this court must resolve any doubt in
her favor and concludes the lack of a printed 
name means no authorized person sent a copy of the citation to Wresti.  Soileau does not expand on the implications of this
conclusion.








In the judgment nisi in the present case, the trial court
specifically ordered that Athe notice to the Defendant, as
principal, be deposited in the United States mail, directed to the
Defendant at the address shown on the bond.@  The address on the citation is the address on
the bond.  In Escobar, the Court
of Criminal appeals rejected an argument that the principal defendant had not
been served when the judgment nisi contained an order similar to the one
here.  587 S.W.2d at 715B16.  The Escobar court observed, AA silent record does not
necessarily mean that no mailing occurred. 
There is nothing in the record which indicates that the order of the
district court was not carried out. 
Absent such an indication in the record, compliance with Art. 22.05 will
be presumed.@  Id. at 716.[3]  If a silent record will support a presumption
of compliance with article 22.05, the record in the present case clearly
supports the presumption.[4]








Service of the motion for
summary judgment and notice of submission.  Soileau also
contends the record does not establish the State served the bond principal,
defendant Wresti, with its motion for summary
judgment or the notice of submission. 
From these allegations, she then argues the summary default judgment
against Wresti is void.  Finally, relying on Texas Civil Practice and
Remedies Code section 17.001(a) and civil case law dealing with promissory note
guaranties, Soileau reasons the bond must be strictly
construed as a guaranty of collection and argues the State cannot hold her
liable because it has not first obtained a valid judgment against the
principal.[5]  Soileau has
provided no authority to support a claim that the substantive law of guarantees
applies to criminal bonds, and we have found none.

Instead, criminal bond forfeiture is governed by the Code of
Criminal Procedure even though it is in the nature of a civil proceeding.  Alvarez, 861 S.W.2d at 887.  Code of Criminal Procedure 22.14 specifically
provides for judgment against the sureties when no sufficient cause is shown
for the failure of the principal to appear when called at the criminal proceeding:

When, upon a trial of the issues presented,
no sufficient cause is shown for the failure of the principal to appear,
the judgment shall be made final against him and his sureties, if any,
for the amount in which they are respectively bound;  and the same shall be collected by execution
as in civil actions.  Separate executions
shall issue against each party for the amount adjudged against him.

 

Tex. Code Crim. Proc. Ann. art. 22.14 (Vernon 1989) (emphasis added).  A surety may remain liable on the bond even
when the judgment against the principal is one of dismissal  See Rosas v. State, 958 S.W.2d 852, 853
(Tex. App.CAmarillo 1997, no pet.).








Moreover, Soileau=s attempt to import civil
guaranty law unto bail bond forfeiture proceedings runs counter to the
undertaking a bond surety makes.  As the
Texas Supreme Court explained as early as 1857:

A[A] recognizance is a matter of record,
and when forfeited, it is in the nature, in some respects, of a judgment of
record.@  It is an obligation of record; and differs from
another bond in this, that it is the acknowledgment of a debt upon record.  Such being the nature of a recognizance, the
statutory provision which forbids the taking of judgment against the sureties,
after a discontinuance as to the principal in a civil suit upon a contract, is
not applicable to this proceeding. 
Besides, in a recognizance the relation of principal and surety does not
exist as in other bonds or contracts.  The
surety differs from bail in this, that the latter actually has, or is by law
presumed to have, the custody of his principal, while the former has no control
over him.  The bail may surrender his
principal in discharge of his obligation; the surety cannot discharge himself
by such surrender.  The undertaking
of the bail is an original undertaking for the appearance of his principal, to
answer to the indictment; and hence, if he does not have his principal in court
according to his undertaking, he forfeits his recognizance, and it becomes a
debt of record, and he a principal judgment debtor, as between himself and the
state.

 

Gay v. State, 20 Tex. 504, 507B08 (1857).

We overrule Soileau=s issue eight, dealing with the
purported lack of service on Wresti.

Denial of Soileau=s Motion for Continuance








Finally, in issue nine, addressed in her fourth argument, Soileau argues the trial court erred in denying her sworn
motion seeking a five-week continuance because (1) her trial counsel, David Furlow, had a vacation letter on file with the Civil and
Family Trial Divisions of the Harris County District Courts, and (2) she did
not have  adequate time for discovery.[6]  The decision to grant or deny a motion for
continuance is within the trial court=s discretion, and this court
will reverse such a determination only on a showing of a clear abuse of
discretion.   McMahan v. Greenwood,
108 S.W.3d 467, 498 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  A trial court abuses its
discretion when it acts without reference to any guiding rules or
principles.  Id.  

Soileau contends that, because the
rules of civil procedure apply to bond forfeiture proceedings, the local rule
of the civil district court permitting an attorney to designate vacation time
should also apply in the present case. 
She cites no authority that would support applying a civil court=s local rule to a criminal
court that apparently is without a comparable rule.

Nevertheless, even were we to conclude the vacation letter
rule ought to apply, we cannot conclude the trial court abused its discretion
in denying the motion for continuance. 
The vacation letter in the present case expired August
 9, 2002;
the summary judgment hearing was set for August
 14, 2002.  Nothing in the local rules or the Texas Rules
of Civil Procedure precludes the scheduling of a hearing for the week after a
vacation letter expires.  Clemons v.
Denson, 981 S.W.2d 941, 944 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied).[7]  Furthermore, Soileau
was represented by counsel before hiring Furlow; and,
after Soileau hired Furlow,
a member of Furlow=s firm filed documents,
including the motion for continuance. 
Finally, at least one of the discovery documents Furlow
filed, the request for  disclosure,
appears to be a standard form request, which any member of the firm could have
filed.








Soileau also contends the trial court
improperly denied her motion for continuance because she had inadequate time
for discovery.  In this context, she
further argues the motion for summary judgment was premature because, when the
State filed its summary judgment motion on July 17,
 2002,
the case had been on file for only 48 days.[8]

The summary judgment motion was set for submission on August
 14, 2002,
twenty-eight days after the motion was filed.  
Generally, a trial court does not abuse its discretion in denying a
motion for continuance if a party has received the 21‑days= notice required by Rule
166a(c).  Carter v. MacFadyen, 93 S.W.3d 307, 310 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  A party seeking more time to
oppose a summary judgment must file an affidavit describing the evidence
sought, explaining its materiality, and showing the due diligence used to
obtain the evidence.  Tex. R. Civ. P. 166a(g), 251, 252.; Carter,
93 S.W.3d at 310.  The affidavit must
show why the continuance is necessary;  conclusory allegations are not sufficient.  Carter, 93 S.W.3d at 310; see Nat=l Union Fire Ins. Co. of
Pittsburgh, Pa. v. CBI Indus., Inc., 907 S.W.2d 517, 520B22 (Tex. 1995) (holding further
time for discovery unnecessary because construction of unambiguous contract
required no discovery).  In the determination of whether a
no-evidence summary judgment motion is premature, Aan adequate time for discovery
depends upon the nature of the claims, the evidence needed to controvert the
motion, the length of time the case has been on file, and any deadlines set by
the court.  Carter, 93 S.W.3d at
311.








In the present case, Soileau
points to only three types of information she was precluded from
discovering:  (1) the identity of the
bailiff who allegedly called Wresti=s name, (2) relevant
information about Wresti, and (3) the original copies
of the bond and judgment nisi.  Regarding
the first, Soileau did not and does not explain why
that evidence is material or why it was not readily available from the
court.  Regarding the second, Soileau was more likely than the State to have had relevant
information about Wresti because she presumably
received information from him when she agreed to act as his surety.[9]  Regarding the third, the originals of the
bond and the judgment nisi were on file with the court.

The trial court did not abuse its discretion in denying Soileau=s motion for continuance.  We overrule Soileau=s issue nine.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 20, 2004.

Panel
consists of Justices Anderson, Seymore, and Murphy.[10]

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  Although the
copies attached to the State=s motion were certified, the State apparently did not
provide Soileau with certified copies or a photocopy
of the certification stamp.





[2]  We have
examined the original documents that were part of the trial court=s file.  They
have been stamped with the recorder=s
memorandum, referred to above, apparently in preparation for microfilming.  As explained by an employee of the Harris District Clerk=s Office, it is the policy of the District Clerk=s Office to place the statement on microfilmed
instruments.  The statement, which then
appears on the copiesCincluding certified copies, does not alter the fact
that the certified copies are true, correct, and accurate copies of the
original documents.  Soileau
does not provide any authority to the contrary.





[3]  Texas Code of
Criminal Procedure article 22.05 provides:

 

Sureties shall be entitled to notice by service of
citation, the length of time and in the manner required in civil actions;  and the officer executing the citation shall
return the same as in civil actions.  It
shall not be necessary to give notice to the defendant unless he has furnished
his address on the bond, in which event notice to the defendant shall be
deposited in the United States mail directed to the defendant at the address shown
on the bond.

 

Tex. Code Crim. Proc. Ann. art. 22.05 (Vernon 1989).





[4]  In Escobar,
the Court of Criminal Appeal also observed the final judgment stated the
parties were before the court at the hearing on the State=s motion for summary judgment.  Escobar v. State, 587 S.W.2d 714, 716
(Tex. Crim. App. [Panel Op.] 1979).  In the present case, the trial court, in the
final judgment, found Acitation was properly issued and delivered to
Defendant Principal . . . .@  On appeal, Soileau complains the trial court improperly included
findings of fact in the summary judgment. 
See Tex. R. Civ. P. 299a
(findings of fact not to be recited in judgment); Golden v. McNeal, 78
S.W.3d 488, 495 (Tex. App.CHouston [14th Dist.] 2002, pet. denied) (stating trial
court should not make, and appellate court cannot consider, findings of
fact  and conclusions of law in
connection with summary judgment). 
Because we rely on the presumption of compliance with article 22.05, we need
not consider the trial court=s findings.





[5]  Civil Practice
and Remedies Code section 17.001(a) provides:

 

Except as provided by this section, the acceptor of a
bill of exchange or a principal obligor on a contract may be sued alone or
jointly with another liable party, but a judgment may not be rendered against a
party not primarily liable unless judgment is also rendered against the
principal obligor.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 17.001(a) (Vernon 1997).  Soileau also cites Ford v. Darwin, in which the
court discussed the distinction between a guaranty of collection and a guaranty
of payment, the former of which requires the principal debtor to be joined
absent excuse under section 17.001.  767
S.W.2d 851, 854 (Tex. App.CDallas 1989, writ denied).

 

 





[6]  In her
argument caption, Soileau also refers to the State=s policy of permitting bond sureties nine months to
locate the principal.  She does, not
however, develop an argument based on this policy.





[7]  Soileau cites In re North American Refractories
Co., 71 S.W.3d 391, 393 (Tex. App.CBeaumont
2001, no pet.).  In that case the
appellate court concluded the trial court abused its discretion when it denied
a motion for continuance by a party whose counsel had a vacation letter on file
for the week trial was set to begin.  Id. at 394.   Soileau also cites Olin Corp. v. Coastal Water Auth.,
849 S.W.2d 852, 855 (Tex. App.CHouston [1st Dist.] 1993, no writ).  Although the Olin court referred to a
vacation letter, the Olin court did not base its reversal on the trial
court=s having disregarded it.





[8]  The latter argument
is necessarily directed at the Ano-evidence,@
component of the State=s summary judgment motion.  See Tex.
R. Civ. P. 166a(I).  In her
answer, Soileau pleaded only a general denial and
equitable remittitur. 
At the summary judgment hearing, the State indicated it was moving only
for traditional summary judgment.





[9]  Additionally,
if before August 14, 2004, Soileau were to discover
relevant information regarding why Wresti violated
bond, she has a potential remedy by special bill of review.  See Tex.
Code Crim. Proc. Ann. art. 22.17 (Vernon 1989).





[10]  Senior Chief
Justice Paul C. Murphy, sitting by assignment.