CAUSE NUMBERS 13-03-437-CV
                                                                 13-03-438-CV
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

WARREN ALKEK D/B/A A&A BAIL
BONDS, SURETY,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                     

On appeal from the 24th District Court of Calhoun County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez

          In each of these cases,


 appellant, Warren Alkek d/b/a A & A Bail Bonds, appeals
from a trial court’s judgment forfeiting a bail bond. By one issue, appellant argues that the
trial court in each case abused its discretion by remitting the bond by only 15%. We
dismiss for lack of jurisdiction.
 Facts
          The State filed a judgment nisi asserting that the principals in each of these cases,
Squires and Garcia, failed to appear for hearings in their respective criminal proceedings. 
The judgment nisi recited that: (1) Squires and Garcia as principals and appellant as surety
entered into an appearance bond


 payable to the State; (2) the bail bond was conditioned
that the principals appear in the trial court until discharged by due course of law; (3) both
principals failed to appear for their criminal hearings; (4) because of the principals’ failure
to appear, the State was entitled to recover the amount of each bond from both the
principals and appellant; and (5) the judgment nisi would be made final unless good cause
was shown by the principal and surety within twenty days from the date citation was
served.
          The record reflects that the State served appellant with the judgment nisi, but never
served either of the principals. Appellant subsequently failed to appear, in each case,
within twenty days after rendition of the judgment nisi. As a result, the trial court entered
default judgment against each principal and appellant. After the trial court entered default
judgment against the principals and appellant, appellant filed a motion for remittitur seeking
a reduction in the bond amount. The trial court remitted each bond by 15%. In a single
issue, appellant contends in each case that the trial court abused its discretion by remitting
the bond by only 15%. We first address the State’s failure to provide notice to the principal
in both cases.
              Statutory Judgment Nisi Notice Requirements
          In a bond forfeiture proceeding, notice to the principal of the judgment nisi is
mandated by statute if the principal furnished an address on the bond. See Tex. Code
Crim. Proc. Ann. art. 22.05 (Vernon 1989); see Guy Williams d/b/a Freedom Bail Bonds
v. State,114 S.W.3d 703, 709 (Tex. App.–Corpus Christi 2003, no pet.). The notice must
be mailed to the principal’s address as shown on the bond. See Tex. Code Crim. Proc.
Ann. art. 22.05 (Vernon 1989). A rebuttable presumption attaches that the mailing
mandated by article 22.05 occurred. Escobar v. State, 587 S.W.2d 714, 717 (Tex. Crim.
App. [Panel Op.] 1979); see Williams, 114 S.W.3d at 709.
          Here, the record demonstrates that both principals listed their address on the bonds. 
The record also reflects, however, that neither principal was ever served. Moreover, at oral
argument, the State conceded that it did not serve either principal with the judgment nisi. 
Because the record demonstrates that neither principal received appropriate service as
required by article 22.05, we conclude that the trial court erred in entering judgment against
the principals. See Tex. Code Crim. Proc. Ann. art. 22.05 (Vernon 1989); see Williams,
114 S.W.3d at 709. 
Jurisdiction 
          Jurisdiction of a court is never presumed. Garcia v. Comm’rs Court of Cameron
County, 101 S.W.3d 778, 783 (Tex. App.–Corpus Christi 2003, no pet.). Our jurisdiction
is established exclusively by constitutional and statutory enactments. Tex. Const. art. V,
§ 6; Tex. Gov’t code Ann. § 22.220 (Vernon 1989). Unless one of the sources of our
authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an
appeal taken from a final judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). Absent an express grant of authority, we do not have jurisdiction to review
an interlocutory order. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex.
1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003). 
If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the
appeal. Garcia, 101 S.W.3d at 784.
          Except as otherwise provided in chapter 22 of the Texas Code of Criminal
Procedure, bond forfeiture proceedings are governed by the same rules as other civil suits. 
Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2004); Alvarez v. State, 861 S.W.2d
878, 881 (Tex. Crim. App. 1992) (per curiam) (op. on partial reh’g). 
          A bail bond forfeiture is not final and appealable until a final judgment, disposing of
the principal and surety, is entered. See Williams, 114 S.W.3d at 706-11; Murray d/b/a
Abel Bonding Co. v. State, 832 S.W.2d 444, 446 (Tex. App.–Beaumont 1992, no pet.). 
In Murray, our sister court, on facts analagous to this case, determined that because the
trial court’s judgments failed to dispose of all parties, the court lacked appellate jurisdiction
to hear the case. See Murray, 832 S.W.2d at 446. 
          Here, even if each principal had received appropriate service in each of the bond
forfeiture judgments issued by the trial court, the court entered final judgment against
appellant, but failed to enter final judgment against, or otherwise dispose of the principal.
Consistent with the reasoning of our sister court in Murray, we conclude that the trial court
erred by failing to enter final judgment against or otherwise dispose of the principals. See
Murray, 832 S.W.2d at 446. 
           Further, article 22.14 of the code of criminal procedure also requires that a judgment
be final against both the principal and the surety. See Tex. Code Crim. Proc. Ann. art.
22.14 (Vernon 1989); Murray, 832 S.W.2d at 446. Under article 22.14, judgment rendered
against the surety without rendition of judgment against the principal is erroneous and must
be reversed. See Tex. Code Crim. Proc. Ann. art. 22.14 (Vernon 1989); see id. 
(emphasis added). 
          Because the principals failed to receive notice mandated by article 22.05, and
because the judgments are not final under article 22.14, we lack appellate jurisdiction to
hear these appeals. 
          Accordingly, we dismiss cause numbers 13-03-00437-CV and 13-03-00438-CV. 


                                                                                           _____________________
                                                                                           LINDA REYNA YAÑEZ
                                                                                           Justice



Dissenting memorandum opinion
by Justice Errlinda Castillo

Memorandum opinion delivered
and filed this the 4th day of November, 2004.