NUMBERS 13-03-437-CV & 13-03-438-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




WARREN ALKEK D/B/A A&A BAIL
BONDS, SURETY,                                                                        Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.




On appeal from the 24th District Court
of Calhoun County, Texas.




DISSENTING MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Dissenting Memorandum Opinion by Justice Castillo

         The majority dismisses these appeals for want of jurisdiction because the trial
court's judgments are not final as to the principal in each case. Respectfully, I dissent. 
Essentially, we disagree as to the finality of the judgments. 
 
I. STANDARD OF REVIEW
         We are obligated to determine, sua sponte, our own jurisdiction. N.Y.
Underwriters Inc. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam);
Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 779 (Tex. App.–
Corpus Christi 2003, no pet.). Unless one of the sources of our authority specifically
authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from
a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001);
Garcia, 101 S.W.3d at 784. Absent an express grant of authority, we do not have
jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp. v. Amend,
394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (Vernon Supp. 2004). If the record does not affirmatively demonstrate
our jurisdiction, we must dismiss the appeal. Garcia, 101 S.W.3d at 786. Because
the question of jurisdiction is a legal question, we review the trial court's action under
a de novo standard. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998).
II. PROCEDURAL POSTURE
A. Finality
         The supreme court stated in Lehmann that "[b]ecause the law does not require
that a final judgment be in any particular form, whether a judicial decree is a final
judgment must be determined from its language and the record in the case." 
Lehmann, 39 S.W.3d at 195. I conclude that Lehmann requires that we first look to
the language of a judgment to determine its finality. See id. at 205. If the language
of the judgment "clearly and unequivocally" indicates finality on its face, it is final and
appealable. Id. In dismissing both appeals for want of jurisdiction, the majority finds
finality lacking because the trial court did not enter a final judgment against or
otherwise dispose of the principals in both cases.


 I conclude that the judgments are
final, but erroneous. Respectfully, I also question the majority's disposition.
B. Special Bill of Review
         A bond forfeiture is a criminal action governed by the rules of civil procedure. 
Tinker v. State, 561 S.W.2d 200, 201 (Tex. Crim. App. 1978). In the cases before
us, the trial court entered a Judgment Nisi on Forfeiture of the Bond.


 A judgment
nisi is an interlocutory, conditional judgment. Int'l Fid. Ins. Co. v. State, 71 S.W.3d
894, 896 (Tex. App.–Texarkana 2002, no pet.). In both appeals, Alkek asserts,
although titled a motion for remittitur, his pleading was in fact a special bill of review
under article 22.17(a) of the code of criminal procedure. See Tex. Code Crim. Proc.
Ann. art. 22.17(a) (Vernon 1987). The State does not dispute this assertion. 
         The trial court filed findings of fact and conclusions of law. In conclusion of law
number 2, the trial court found that article 22.17 of the code of criminal procedure is
the proper remedy for the defendant surety to seek remittitur. Tex. Code Crim. Proc.
Ann. art. 22.17(c) (Vernon 1987). In part, article 22.17 states:
(a) Not later than two years after the date a final judgment is entered in
a bond forfeiture proceeding, the surety on the bond may file with the
court a special bill of review. A special bill of review may include a
request, on equitable grounds, that the final judgment be reformed and
that all or part of the bond amount be remitted to the surety, after
deducting the costs of court, any reasonable costs to the county for the
return of the principal, and the interest accrued on the bond amount from
the date of forfeiture. The court in its discretion may grant or deny the
bill in whole or in part. 
Tex. Code Crim. Proc. Ann. art. 22.17(c) (Vernon 1987). Thus, the trial court
proceedings in both cases were special bills of review under article 22.17. Id. 
          After hearing evidence, the trial court entered a judgment granting a 15%
remittitur to Alkek in each case. These appeals ensued. 
III. ANALYSIS
A. No. 13-03-438-CV: Leslie Gordon Squires, Principal



         The default judgment shows that both the principal Leslie Gordon Squires and 
the surety Alkek were duly cited to appear and failed to file an answer or otherwise
appear. Where a judgment recites that a party appeared, this recital is presumed true
unless there is a conflict between the judgment and the record. Escobar v. State,
587 S.W.2d 714, 716 (Tex. Crim. App. 1979); Miller v. Hood, 536 S.W.2d 278, 285
(Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.) ("Every reasonable presumption
will be indulged to sustain a judgment and nothing will be presumed against it; all prior
requisites to the rendition of a judgment will be presumed to have been fulfilled and
the recitals in a judgment will be presumed to state the truth."). I conclude that the
same rebuttable presumption applies to a recitation in a default judgment that a party
did not appear. See Allen v. Bolton, 416 S.W.2d 906, 911 (Tex. Civ. App.–Corpus
Christi 1967, no writ) ("Absent direct proof to the contrary, recitations in a judgment
are presumed true and control the rest of the record."). 
         Article 22.05 of the code of criminal procedure provides: 
Sureties shall be entitled to notice by service of citation, the length
of time and in the manner required in civil actions; and the officer
executing the citation shall return the same as in civil actions. It shall not
be necessary to give notice to the defendant unless he has furnished his
address on the bond, in which event notice to the defendant shall be
deposited in the United States mail directed to the defendant at the
address shown on the bond. 
Tex. Code Crim. Proc. Ann. art. 22.05(c) (Vernon 1966). A copy of the citation and
officer's return for Alkek is in the record. A copy of the citation and return for Squires
is not in the record. By request of the majority to supplement the clerk's record, a
copy of the bond is now in the supplemental record. A docket entry shows "no
service of citation scire facias on Def."


 
         "The record, not the docket entry, is the authoritative evidence upon which the
parties must rely on appeal." Bell v. State, 734 S.W.2d 83, 84 (Tex.
App.–Austin 1987, no pet.). Aside from the docket sheet, nothing in the record
suggests a conflict between the judgment and the record on appeal. See Escobar,
587 S.W.2d at 716. The judgment recites that Squires, the principal, was duly cited
but did not appear. There is no conflict between the judgment and the record on
which the parties must rely on appeal. See Bell, 734 S.W.2d at 84. Thus, the
recitations in the default judgment are presumptively correct. 
         When the surety has been duly cited and fails to answer, and the principal also
fails to answer within the time for answering in other civil actions, the court shall enter
final judgment by default. Tex. Code Crim. Proc. Ann. art. 22.15 (Vernon 1966). The
trial court signed a default judgment on November 20, 2001. Alkek timely filed the
special bill of review on April 23, 2003. As the majority notes, the Judgment of Bond
Forfeiture does not include the surety. This omission does not mean that the judgment
is not final. It is final – erroneous– but final. See Lehmann, 39 S.W.3d at 200. Thus,
I conclude we have jurisdiction over Alkek's appeal in the Squires forfeiture. 
B. No. 13-03-438-CV: Ervin Ovando Garcia, Principal



         In this case, the trial court entered a Default Judgment of Bond Forfeiture on
March 26, 2002. The default judgment became final. Alkek filed a special bill of
review requesting remittitur on April 23, 2003. Garcia did not. After an evidentiary
hearing, the trial court entered a judgment granting a 15% remittitur to Alkek. This
appeal ensued. 
         The default judgment here does not reflect that Garcia appeared or received
service of citation. The default judgment issued only against Alkek. The docket sheet
shows "citation scire facias (Ervin Ovando Garcia)" and "(Warren Alkek- Bondsman)." 
A notation for court costs includes "2 citations Scire Facias." A copy of the citation
and officer's return for Garcia is not in the record. The docket entry is not evidence.
See Bell, 734 S.W.2d at 84. However, a silent record does not necessarily mean that
no mailing occurred. Another presumption applies. The law presumes a trial court
hears a case only after proper notice to the parties. Hanners v. State Bar of Texas,
860 S.W.2d 903, 907 (Tex. App.–Dallas 1993, no writ); see also, Escobar, 587
S.W.2d at 716. Thus, I again conclude that the default judgment is final – erroneous
– but final. See Lehmann, 39 S.W.3d at 200. Accordingly, we also have jurisdiction
over Alkek's appeal in the Garcia forfeiture. 
IV. DISPOSITION
         According to the majority, at oral argument the State conceded that neither
principal was served. However, whether the State meant that neither was served with
citation or notice, or both, is not clear from the record. Significantly, the trial court was
not asked to make this finding. Thus, the presumptions at law apply. 
         Further, the majority concludes that, under Murray, the judgments are
interlocutory. See, Murray d/b/a Abel Bonding Co. v. State, 832 S.W.2d 444, 446
(Tex. App.–Beaumont 1992, no pet.). Even if the judgments were interlocutory as the
majority concludes, the proper action would be to dismiss the appeal and return the
case to the trial court for entry of final judgments. Id. As Murray states, "[I]n this
situation the court of criminal appeals has consistently reversed and remanded to the
trial court." Id. (citing Smith v. State, 529 S.W.2d 549 (Tex. Crim. App.1975)). I find
the judgments final and reversible. Thus, at the conclusion of our appellate review of
both cases and after applying the applicable presumptions, I would address the failure
of the judgments to reflect the principals as a defect of form under article 22.12 of the 
code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 22.12 (Vernon
1966).


 
V. CONCLUSION
         I would hold we have jurisdiction to review the merits of Alkek's appeals. 
 
                                                                        ERRLINDA CASTILLO
Justice
 
Dissenting Memorandum Opinion delivered 
and filed this 4th day of November, 2004.