COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| THE INLAND SEA, INC. | | |
| | § | |
| Appellant, | | |
| | § | No. 08-11-00194-CV |
| v. | | |
| | § | Appeal from |
| CHRISTOPHER CASTRO, | | |
| | § | County Court at Law No. 3 |
| Appellee/Cross-Appellant, | | |
| | § | of El Paso County, Texas |
| v. | | |
| | § | (TC # 2009-5287) |
| MOVERS SERVICE AGENCY, INC., | | |
| and RIGOBERTO DURAN, | § | |
| | | |
| Cross-Appellees. | § | |

## MEMORANDUM OPINION

Appellant The Inland Sea, Inc., and Cross-Appellees Movers Service Agency, Inc., and Rigoberto Duran move to dismiss Appellee Christopher Castro's cross-appeal. For the reasons that follow, the motions will be granted.

## BACKGROUND

Castro brought suit against Inland, Movers Service, and Duran (collectively "Defendants"), and Defendants moved to compel arbitration. On March 30, 2011, the trial court signed an order granting the motion to compel arbitration filed by Movers Service and Duran, and staying the case as to these Defendants. The order does not state the grounds upon which the motion was granted. On June 2, 2011, the court signed an order denying the motion to compel filed by Inland. As with the first order, this order does not specify the reasons for the denial. On June 21, 2011, Inland filed

an interlocutory appeal from the order denying its motion. On July 5, 2011, Castro filed a cross-notice of appeal. The notice states that Castro is appealing the March 30 order compelling arbitration of his claims against Movers Service and Duran.

## ANALYSIS

In their motions to dismiss, Defendants contend that the order granting arbitration is not appealable and that even if it were appealable, the cross-notice of appeal was untimely. In response, Castro states that he did not intend to make Movers Service and Duran parties to this appeal. He also concedes that the order granting arbitration is not appealable as a stand-alone order. He asserts that he filed the cross-notice of appeal to ensure that this Court could review that order in considering Inland's appeal of the order denying its motion to compel arbitration. Specifically, Castro filed the cross-notice of appeal "to show other grounds exist to support the trial court's order denying the motion" to compel filed by Inland. According to Castro, he does not have an agreement to arbitrate with Inland, and Inland's motion to compel is an attempt to "piggy-back" onto his purported agreement to arbitrate with Movers Service. Therefore, Castro argues, Inland's motion to compel arbitration hinges on the order compelling arbitration of Castro's claims against Movers Service and Duran.

The parties correctly conclude that Castro cannot bring a direct interlocutory appeal from the order granting the motion to compel arbitration. *See In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839 (Tex. 2009). Moreover, all parties agree that Movers Service and Duran are not proper parties to this appeal. Accordingly, this Court cannot reverse or alter the order granting arbitration in this appeal. *Cf. Murray v. State*, 832 S.W.2d 444, 446 (Tex.App.--Beaumont 1992, no pet.)("It would be abhorrent to due process to adjudicate the rights of one not before the Court.").

Two questions remain. First, may Castro attack the order granting arbitration of his claims

against Movers Service and Duran as a way of upholding the subsequent order denying arbitration of his claims against Inland? Second, was it necessary for Castro to file a notice of appeal to make such an attack?

The answer to the first question must wait until the appeal is fully briefed and submitted for a decision. Castro may make his arguments regarding the first order in his appellate brief and Inland may make any arguments it deems persuasive as to why we should not consider Castro's arguments. However, the answer to the second question is clear: a notice of appeal is not required to raise additional grounds for upholding the order denying Inland's motion to compel.

In civil appeals, only "[a] party who seeks to alter the trial court's . . . appealable order must file a notice of appeal." TEX.R.APP.P. 25.1(c). We "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." *Id.* This rule does not require an appellee to file a notice of appeal to raise additional grounds for upholding a trial court's order. A notice of appeal is only required if the appellee wishes to change the appealable order or obtain additional relief. *See Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 490 (Tex.App.--Dallas 2010, no pet.)(noting that a trial court's comments during a hearing do not constitute written findings and conclusions and do not limit the grounds upon which an order can be upheld on appeal and that the appellees thus did not need to file a notice of appeal to raise an additional ground for upholding the order being appealed); *Cities of Allen v. Railroad Commission of Texas*, 309 S.W.3d 563, 576 (Tex.App.--Austin 2010, pet. granted)(holding that appellees could not challenge a trial court's written conclusion of law because they did not file a notice of appeal). Castro is not attempting to change the trial court's order denying arbitration of Inland's claims; he only wants to argue an additional basis for upholding the order. Accordingly, no notice of appeal is required.

**CONCLUSION**

The motions to dismiss are granted.  In this appeal, Castro cannot obtain a reversal or modification of the March 30, 2011 order granting arbitration of his claims against Movers Service Agency, Inc., and Rigoberto Duran.  Movers Service and Duran are dismissed as parties to the appeal.

August 29, 2011

                                                                           
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.