COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





THE INLAND SEA, INC.

                            Appellant,

v.

CHRISTOPHER CASTRO,

                          Appellee/Cross-Appellant,

v.

MOVERS SERVICE AGENCY, INC.,
and RIGOBERTO DURAN,

                            Cross-Appellees.

§
 
§
 
§
 
§
 
§

§

 §

 §

 §





No. 08-11-00194-CV

Appeal from
County Court at Law No. 3

of El Paso County, Texas

(TC # 2009-5287)



 

 

 




MEMORANDUM OPINION

            Appellant The Inland Sea, Inc., and Cross-Appellees Movers Service Agency, Inc., and
Rigoberto Duran move to dismiss Appellee Christopher Castro’s cross-appeal. For the reasons that
follow, the motions will be granted.
BACKGROUND
            Castro brought suit against Inland, Movers Service, and Duran (collectively “Defendants”),
and Defendants moved to compel arbitration. On March 30, 2011, the trial court signed an order
granting the motion to compel arbitration filed by Movers Service and Duran, and staying the case
as to these Defendants. The order does not state the grounds upon which the motion was granted. 
On June 2, 2011, the court signed an order denying the motion to compel filed by Inland. As with
the first order, this order does not specify the reasons for the denial. On June 21, 2011, Inland filed
an interlocutory appeal from the order denying its motion. On July 5, 2011, Castro filed a cross-notice of appeal. The notice states that Castro is appealing the March 30 order compelling
arbitration of his claims against Movers Service and Duran. 
ANALYSIS
            In their motions to dismiss, Defendants contend that the order granting arbitration is not
appealable and that even if it were appealable, the cross-notice of appeal was untimely. In response,
Castro states that he did not intend to make Movers Service and Duran parties to this appeal. He also 
concedes that the order granting arbitration is not appealable as a stand-alone order. He asserts that
he filed the cross-notice of appeal to ensure that this Court could review that order in considering
Inland’s appeal of the order denying its motion to compel arbitration. Specifically, Castro filed the
cross-notice of appeal “to show other grounds exist to support the trial court’s order denying the
motion” to compel filed by Inland. According to Castro, he does not have an agreement to arbitrate
with Inland, and Inland’s motion to compel is an attempt to “piggy-back” onto his purported
agreement to arbitrate with Movers Service. Therefore, Castro argues, Inland’s motion to compel
arbitration hinges on the order compelling arbitration of Castro’s claims against Movers Service and
Duran.
            The parties correctly conclude that Castro cannot bring a direct interlocutory appeal from the
order granting the motion to compel arbitration. See In re Gulf Exploration, LLC, 289 S.W.3d 836,
839 (Tex. 2009). Moreover, all parties agree that Movers Service and Duran are not proper parties
to this appeal. Accordingly, this Court cannot reverse or alter the order granting arbitration in this
appeal. Cf. Murray v. State, 832 S.W.2d 444, 446 (Tex.App.--Beaumont 1992, no pet.)(“It would
be abhorrent to due process to adjudicate the rights of one not before the Court.”).
            Two questions remain. First, may Castro attack the order granting arbitration of his claims
against Movers Service and Duran as a way of upholding the subsequent order denying arbitration
of his claims against Inland? Second, was it necessary for Castro to file a notice of appeal to make
such an attack? 
            The answer to the first question must wait until the appeal is fully briefed and submitted for
a decision. Castro may make his arguments regarding the first order in his appellate brief and Inland
may make any arguments it deems persuasive as to why we should not consider Castro’s arguments. 
However, the answer to the second question is clear: a notice of appeal is not required to raise
additional grounds for upholding the order denying Inland’s motion to compel. 
            In civil appeals, only “[a] party who seeks to alter the trial court’s . . . appealable order must
file a notice of appeal.” Tex.R.App.P. 25.1(c). We “may not grant a party who does not file a notice
of appeal more favorable relief than did the trial court except for just cause.” Id. This rule does not
require an appellee to file a notice of appeal to raise additional grounds for upholding a trial court’s
order. A notice of appeal is only required if the appellee wishes to change the appealable order or
obtain additional relief. See Bakhtari v. Estate of Dumas, 317 S.W.3d 486, 490 (Tex.App.--Dallas
2010, no pet.)(noting that a trial court’s comments during a hearing do not constitute written findings
and conclusions and do not limit the grounds upon which an order can be upheld on appeal and that
the appellees thus did not need to file a notice of appeal to raise an additional ground for upholding
the order being appealed); Cities of Allen v. Railroad Commission of Texas, 309 S.W.3d 563, 576
(Tex.App.--Austin 2010, pet. granted)(holding that appellees could not challenge a trial court’s
written conclusion of law because they did not file a notice of appeal). Castro is not attempting to
change the trial court’s order denying arbitration of Inland’s claims; he only wants to argue an
additional basis for upholding the order. Accordingly, no notice of appeal is required.
CONCLUSION
            The motions to dismiss are granted. In this appeal, Castro cannot obtain a reversal or
modification of the March 30, 2011 order granting arbitration of his claims against Movers Service
Agency, Inc., and Rigoberto Duran. Movers Service and Duran are dismissed as parties to the
appeal. 

August 29, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.